# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| OCLC, Inc., <br><br> **Plaintiff,** <br><br> v. <br><br> Baker & Taylor, LLC and Bridgeall Libraries, Ltd., <br><br> **Defendants.** | Case No. 2:25-cv-00309 <br><br><br> **Judge Edmund Sargus, Jr.** <br><br><br> **Magistrate Judge Elizabeth Preston Deavers** |

## PLAINTIFF OCLC INC.'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff OCLC, Inc. ("OCLC") requests that the Court issue an order establishing an expedited discovery schedule as to certain matters in this case. Plaintiff seeks limited discovery on an expedited basis to support its Motion for a Preliminary Injunction, ECF No. 5. OCLC must have discovery in order to show at a preliminary injunction hearing a likelihood of success on the merits of its claims against Defendants Baker & Taylor, LLC and Bridgeall Libraries, Ltd.; to determine the harm, if any, to Defendants from a preliminary injunction; and other reasons set forth in the accompanying Memorandum of Law.

                                                  Respectfully submitted,

                                                  /s/ *Jeffrey M. Walker*
                                                  Jeffrey M. Walker (0096567), Trial Attorney
                                                  Traci L. Martinez (0083989)
                                                  Kathryn M. Brown (0100426)
                                                  Brittany Silverman (0102263)
                                                  Erin K. Hassett (0099970)
                                                  SQUIRE PATTON BOGGS (US) LLP
                                                  2000 Huntington Center
                                                  41 South High Street

Columbus, Ohio 43215
Telephone: (614) 365-2700
Facsimile: (614) 365-2499
jeffrey.walker@squirepb.com
traci.martinez@squirepb.com
kathryn.brown@squirepb.com
brittany.silverman@squirepb.com
erin.hassett@squirepb.com

*Attorneys for Plaintiff OCLC, Inc.*

# MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff OCLC, Inc. ("OCLC") requests an order allowing expedited discovery of Defendants Baker & Taylor, LLC ("Baker & Taylor") and Bridgeall Libraries, Ltd. ("Bridgeall"). OCLC seeks expedited discovery to further develop the factual record in support of OCLC's Motion for a Preliminary Injunction.

OCLC seeks to enjoin Defendants from unlawful activities to prevent Defendants from inflicting irreparable damage on OCLC. To support its Motion for a Preliminary Injunction, OCLC seeks expedited discovery relating to:

(i) Defendants' corporate structure, including any affiliated entity's involvement in the strategy, marketing, operations, implementation, and/or oversight of BTCat;

(ii) Communications between any OCLC WorldCat customer and Defendants about BTCat and OCLC, WorldCat, and/or WorldCat records;

(iii) Agreements between Defendants and/or any of their affiliated entities and their customers that include a provision requiring access to and/or a license to use the customer's cataloging records; and the strategy behind these provisions;

(iv) OCLC WorldCat customers that have signed any such agreements and/or downloaded to, linked to, uploaded, and/or otherwise transferred their bibliographic records and associated data to Defendants and/or BTCat;

(v) The design and operation of BTCat, including how BTCat incorporates WorldCat records and how bibliographic records and data are submitted to, merged to, linked to, uploaded to, transferred to, or otherwise used by BTCat;

(vi) How Baker & Taylor and any of its affiliated entities, like Bridgeall, use BTCat data in any other productions and/or services; and

(vii) The number of WorldCat Records B&T extracted from January 1, 2019 through September 15, 2022, the time period during which the 2019 WorldCat Data and Licensing Agreement was effective, and when those records were extracted.

OCLC has attached its proposed written discovery requests to Defendants. *See* Exhibit A (Requests for Production and Interrogatory Requests to Defendant Baker & Taylor); Exhibit B (Requests for Production and Interrogatory Requests to Defendant Bridgeall); Exhibit C (Notice of Rule 30(b)(6) Deposition of Defendant Baker & Taylor); Exhibit D (Notice of Rule 30(b)(6) Deposition of Defendant Bridgeall).

The proposed discovery is neither burdensome nor expensive and can reasonably be completed within a matter of weeks. Such discovery is essential to a timely and fair presentation of Plaintiff's Preliminary Injunction.

## LAW AND ARGUMENT

Although the Federal Rules generally provide that a party may not initiate discovery before the Rule 26(f) conference, Rule 26(d)(1) and (d)(3) authorize the Court to permit earlier discovery "for the convenience of parties and witnesses and in the interests of justice." When ruling on a motion for expedited discovery, courts "typically apply a good cause standard." *Ohio Transmission LLC v. Hill*, No. 2:23-CV-2891, 2023 WL 6170549, at *2 (S.D. Ohio Sept. 22, 2023) (citing *Wurth Elecs. ICS, Inc. v. Elemary*, No. 3:23-CV-82, 2023 WL 3159738, at *1 (S.D. Ohio Apr. 18, 2023)). A court may find "good cause" if "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party," and the "scope of the discovery request is also relevant to whether or not good cause exists." *PUI Audio Inc. v. Van Den Broek*, No. 3:21-cv-284, 2021 WL 5166402, at *1 (S.D. Ohio Nov. 5, 2021) (quoting *Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009). All factors favor granting OCLC's request for expedited discovery.

First, OCLC needs discovery to support its Motion for a Preliminary Injunction. As this Court has observed, "[g]ood cause is often found when there is a request for a preliminary injunction." *Tri Cnty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2013 WL 12180497, at *2 (S.D. Ohio Apr. 22, 2013) (quoting *Russell v. Lumpkin*, No. 2:10-CV-00314, 2010 WL 1882139 at *2 (S.D. Ohio 2010)). Indeed, courts in the Sixth Circuit frequently permit expedited discovery in advance of preliminary injunction hearings so that the parties can gather evidence to support their motions. *See e.g.*, *Black River Ent. LLC v. Ewing*, No. 3:24-CV-00488, 2024 WL 3223926, at *1 (M.D. Tenn. Apr. 19, 2024) (permitting expedited discovery to support a motion for a preliminary injunction); *Ohio Transmission LLC*, 2023 WL 6170549, at *1–2 (allowing expedited discovery prior to preliminary injunction hearing); *PUI Audio, Inc.*, WL 5166402, at *1–3 (same).

The second factor—prejudice to Defendants—also favors allowing expedited discovery. Because OCLC seeks only a few categories of interrogatory requests and documents that would be unburdensome to produce, expedited discovery would cause little prejudice to Defendant. Additionally, OCLC seeks only one Rule 30(b)(6) deposition. And whatever prejudice there may be is significantly outweighed by OCLC's need for expedited discovery.

Finally, the scope of OCLC's proposed discovery is narrow under these circumstances. OCLC's proposed discovery requests are attached as Exhibits A–D. OCLC seeks a few, specifically defined, categories of discovery. And these types of discovery requests directly support OCLC's Motion for a Preliminary Injunction because the requests go to whether Defendants induced others into breaching contracts with OCLC and whether Defendants breach their own contracts with OCLC. The limited scope of OCLC's discovery requests favors allowing expedited discovery. *See Ohio Transmission LLC*, 2023 WL 6170549, at *2 (permitting

expedited discovery when the proposed discovery would be "directly relevant to the issues underlying [the] Motion for TRO and Preliminary Injunction and [would] aid the Court in resolving that Motion").

**CONCLUSION**

For these reasons, Plaintiff OCLC respectfully requests that the Court grant its Motion for Expedited Discovery.

Respectfully submitted,

/s/*Jeffrey M. Walker*
Jeffrey M. Walker (0096567), Trial Attorney
Traci L. Maritnez (0083989)
Kathryn M. Brown (0100426)
Brittany Silverman (0102263)
Erin K. Hassett (0099970)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-2700
Facsimile: (614) 365-2499
jeffrey.walker@squirepb.com
traci.martinez@squirepb.com
kathryn.brown@squirepb.com
brittany.silverman@squirepb.com
erin.hassett@squirepb.com

*Attorneys for Plaintiff OCLC, Inc.*

**CERTIFICATE OF SERVICE**

On March 27, 2025, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties. Additionally, this document will be served upon the parties with the summons and complaint in this matter.

*/s/ Jeffrey M. Walker*
Jeffrey M. Walker, Trial Attorney
