UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OCLC, INC.,**

    **Plaintiff,**

    v.

**BAKER & TAYLOR, LLC,** *et al.***,**

    **Defendants.**

Case No. 2:25-cv-309
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court on the Unopposed Motion to Seal filed by Plaintiff OCLC, Inc. (ECF No. 23.) The Court held a telephone status conference regarding OCLC's Motion for a Preliminary Injunction on April 9, 2025, and held a second conference on April 23. (ECF Nos. 14, 19, 20, 25.) OCLC moved to seal parts of the transcripts from the April 9 conference where the parties discussed confidential business information. (ECF No. 23.) At the April 23, 2025 conference, the Parties orally moved to seal parts of the transcript from the April 23 conference in addition to the April 9 conference. (*See* ECF No. 19.) Defendants Baker & Taylor, LLC and Bridgeall Libraries, Ltd. do not oppose the partial sealing of both transcripts. (ECF No. 23, PageID 244 n.1.) All Parties also support posting the full, unredacted transcripts on the docket under seal.

For information entered into the court's record, a "strong presumption in favor of openness" applies. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Accordingly, even when no party objects to a motion to seal or to redact parts of the record, "a district court that chooses to seal court records must set forth specific findings and conclusions '[that] justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at

1176). To meet the burden of nondisclosure, the moving party must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

The Court asked the Parties to jointly submit proposed redactions to the status conference transcripts. The Parties jointly submitted their proposed redactions, and the Court has reviewed them. The Court finds that the proposed redactions are narrowly tailored to meet a legitimate need for nondisclosure. The proposed redactions relate only to the confidential business information discussed between the Parties and the Court during the status conferences, and the remainder of the transcripts will be public record. The information could affect the Parties' competitive standing in the market, and the public's interest in the business information is limited because it relates only to prospective events. All Parties support the proposed redactions, and the Court finds that a compelling interest exists for granting them.

Accordingly, the Court **GRANTS** OCLC's Unopposed Motion to Seal. (ECF No. 23.) The redacted transcripts from the April 9, 2025 and April 23, 2025 conferences will be placed on the docket, and the full, unredacted transcripts will be placed on the docket under seal.

This case remains open.

**IT IS SO ORDERED.**

<u>6/9/2025</u>             <u>s/Edmund A. Sargus, Jr.</u>
**DATE**            **EDMUND A. SARGUS, JR.**
           **UNITED STATES DISTRICT JUDGE**