```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION

OCLC, INC.,                          )
                                     )
   PLAINTIFF                         )   CASE NO. 2:25-cv-309
                                     )
        vs.                          )
                                     )
BAKER & TAYLOR, LLC, ET AL.,         )
                                     )
   DEFENDANTS.                       )
_____)

  REDACTED TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE PROCEEDINGS
          BEFORE THE HONORABLE EDMUND A. SARGUS, JR.
              WEDNESDAY, APRIL 9, 2025; 10:58 A.M.
                       COLUMBUS, OHIO

APPEARANCES:

   FOR THE PLAINTIFF:
        Squire Patton Boggs
        By:  Jeffrey M. Walker, Esq.
             Brittany N. M. Silverman, Esq.
             Erin Hassett, Esq.
             Kathryn M. Brown, Esq.
        41 South High Street, Suite 2000
        Columbus, Ohio  43215

   FOR THE DEFENDANTS:
        Offit Kurman
        By:  Frank Noyes, Esq.
        222 Delaware Avenue, Suite 1105
        Wilmington, Deleware  19801

        Cavitch Familo & Durkin Co., LPA
        By:  Derek P. Hartman, Esq.
             Michael C. Cohan, Esq.
        1300 East Ninth Street, 20th Floor
        Cleveland, Ohio  44114

                           - - -

   Proceedings recorded by mechanical stenography, transcript
 produced by computer.
```

                    CRYSTAL HATCHETT, RPR, CRR
                    FEDERAL OFFICIAL COURT REPORTER
                        85 MARCONI BOULEVARD
                        COLUMBUS, OHIO  43215
                          (614) 719-3245

```
 1                              WEDNESDAY MORNING SESSION
 2                                   APRIL 9, 2025
 3                                       - - -
 4       (The following proceedings were had via telephone
 5   conference.)
 6            THE COURTROOM DEPUTY CLERK:  Good morning, Counsel.
 7   At this time I'm going to do roll call.
 8            For the plaintiff, Jeffrey Walker.
 9            MR. WALKER:  Here.
10            THE COURTROOM DEPUTY CLERK:  Kathryn Brown.
11            MS. BROWN:  Here.
12            THE COURTROOM DEPUTY CLERK:  Erin Hassett.
13            MS. HASSETT:  Here.
14            THE COURTROOM DEPUTY CLERK:  Brittany Silverman.
15            MS. SILVERMAN:  Here.
16            THE COURTROOM DEPUTY CLERK:  For the defendants, Frank
17   Noyes.
18            MR. NOYES:  I'm here.
19            THE COURTROOM DEPUTY CLERK:  Derek Hartman.
20            MR. HARTMAN:  Here.
21            THE COURTROOM DEPUTY CLERK:  And Michael Cohan.
22            MR. COHAN:  Here.
23            THE COURTROOM DEPUTY CLERK:  Please hold for
24   Judge Sargus.
25            THE COURT:  Good morning to all of you.  We are
```

1  convened by telephone, but we are on the record. So if you
2  don't mind when you speak, please give us your name for the
3  benefit of the court reporter.
4         I want to use our meeting today primarily for
5  scheduling and charting out a path forward for the plaintiff's
6  motion for a preliminary injunction.
7         All the parties on the defense side are represented,
8  as I understand, so you have had a chance to at least take a
9  preliminary look at all of this.
10        We'll talk about whether there's a need for a briefing
11 schedule on any motions, particularly from the defense side.
12 But before we do, let's check in with regard to how quickly we
13 can turn around the preliminary injunction, not overlooking the
14 fact that there could motion practice that's running in
15 parallel.
16        What I'm going to do is ask each side to give me, what
17 I would call, your wish list for how this case should proceed,
18 and then we'll see if we can rough out a schedule.
19        So let's start with OCLC. If you had your perfect
20 wish, tell me how you would see this case proceeding to a
21 hearing on the merits with regard to the motion for the
22 preliminary injunction.
23        MR. WALKER: Thank you, Your Honor. This is Jeff
24 Walker from Squire Patton Boggs on behalf of OCLC.
25        So we have actually had a couple of conferences with

1  counsel for defendants, and we have been working -- trying to
2  work collaboratively on a potential schedule.  So all I can
3  present is at least what I understand our position to be and I
4  think -- and then going from there.
5      So, Your Honor, I think we are currently in the
6  process.  We should be able to submit a stipulated protective
7  order which will cover any sort of discovery and handle that.
8  We'll have that filed with the Court either end of this week or
9  beginning of next week.
10     In speaking with the defendants, we understand that
11 they also plan to serve discovery on us likely sometime next
12 week, and we think it's -- it would be reasonable to have the
13 parties -- assuming that the Court permits discovery, have the
14 parties provide their written responses simultaneously; and
15 then before those written responses are due, the parties will
16 work to make -- to iron out any sort of objections so that we
17 limit those in the written responses.  And if there are any
18 disputes, we can work with the magistrate to resolve them to
19 keep discovery moving along.
20     I think we have discussed having rolling productions
21 and hopefully have those in by around middle of June; and then
22 depositions completed by middle of July; and then further
23 briefing on our PI motion, their opposition, and a reply due
24 the beginning and middle of August; and then a PI hearing,
25 obviously based on the Court's availability, by late August or

1  early September.
2       So that's kind of where we are at as far as our
3  preferred schedule based on our discussions, but obviously
4  defer to the Court.
5       I guess the one other thing, Your Honor, that I would
6  mention is we anticipate that the PI hearing would likely only
7  be a day at this point.
8       THE COURT:  Okay.
9       MR. WALKER:  But that obviously depends on, you know,
10 what happens in discovery and as other things proceed.
11      THE COURT:  All right.  That's very helpful.  Thank
12 you.
13      On the defense side, if you could just briefly tell me
14 where you might agree or where you might disagree with regard
15 to that proposed schedule.
16      MR. COHAN:  Judge, this is Mike Cohan, and Frank Noyes
17 is going to take the lead on that.  We're going to be filing a
18 motion to have him and his colleagues admitted pro hac vice.
19      THE COURT:  Okay.  If he wants to speak now, that's
20 fine, as long as you have the motion coming.
21      MR. COHAN:  Yes, we do.
22      THE COURT:  Okay.
23      MR. NOYES:  Good morning, Your Honor.
24      THE COURT:  Good morning.
25      MR. NOYES:  This is Frank Noyes.  I'm with Offit

```
                                                            6
1    Kurman in Wilmington, Delaware.  Thank you for permitting me to
2    speak.  We will be submitting pro hac vice.  As far as I know,
3    my good standing is still intact.  So that should be coming
4    shortly.
5              THE COURT:  By the way, just for the sake of humor
6    here, does anybody know the literal meaning of the Latin phrase
7    "pro hac vice," at least in Columbus, Ohio?
8              I'll tell you, it's a Latin idiom that translates
9    roughly into "lawyer from Cleveland."
10             Anyway, with that, you can continue.
11             MR. NOYES:  I'm not from Cleveland, Your Honor.  My
12   dad did grow up in Akron.
13             THE COURT:  All right.  You're safe.  You're safe.
14             MR. NOYES:  Thank you, Your Honor.
15             As Mr. Walker has indicated, we have talked about
16   generally scheduling matters, and there is one preliminary
17   matter that we do want to raise.  We discussed it with counsel,
18   and they don't agree with it, but I did let them know that I
19   wanted to raise this as a preliminary matter.
20             Simultaneous with the filing of this lawsuit, ▮▮▮▮▮▮
21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25   ▮▮▮▮▮▮▮▮▮▮▮
```

```
 1          So we asked and are proposing that there be a 30-day
 2   pause built into the schedule ████████████████████████████
 3   ████████████████████████████████████████████████████████████
 4   ████████████████████████████████████████████████████████████
 5   ██████████████████████████████████████████████████
 6   ██████████████
 7          THE COURT:  Let me ask you a quick question.  ████
 8   ████████████████████████████████████████████████████████████
 9   ████████████████████████████████████████████████████████████
10   ██████████████
11          MR. NOYES:  ████████████████████████████████████████
12   ████████████████████████████████████████████████████████████
13   ████████████████████████████████████
14          THE COURT:  All right.
15          MR. NOYES:  ██████████████████████████████████████
16          THE COURT:  Let me just stop for a second.
17          Back to the plaintiff.  There's no dispute about this,
18   is there, that -- I think we can make this part of a sealed
19   transcript if either side wishes.  But this is not a dispute,
20   is it, ████████████████████████████████████████████
21          MR. WALKER:  You're right, Your Honor, this is not a
22   dispute.
23          THE COURT:  Okay.
24          MR. WALKER:  I think our position -- go ahead.
25          THE COURT:  No, no.  Go ahead.  Go ahead.
```

```
 1           MR. WALKER:  I think our position is -- and we have
 2   expressed it to the defendants -- in order for any sort of
 3   pause to -- for us to agree to a sort of pause in the
 4   litigation, we would also -- we have also asked them to agree,
 5   for whatever that time period, to stop -- basically agree to
 6   the preliminary injunction request that we have made in order
 7   to stop the wrongdoing that we have alleged in the complaint.
 8           THE COURT:  And my guess is on the defense side you
 9   haven't accepted that, have you?
10           MR. NOYES:  That is correct, Your Honor.
11           THE COURT:  Okay.
12           MR. NOYES:  I think there is some potential discussion
13   of accommodations that can be made.  I don't think it serves
14   anybody to get into the merits of that too much, but there has
15   been some discussion of some steps for accommodating the
16   dispute, but -- and I haven't talked to my client about it, but
17   I am quite confident that Baker & Taylor will not agree to
18   enter a preliminary injunction ███████████████████████████████
19           THE COURT:  This is always interesting to me.  This
20   happens from time to time.
21           So we have two parties, one being sued by the other.
22   ████████████████████████████████████████████████████████████████
23   ██████████████████
24           This sounds to me like a case that might be pretty
25   ripe for a mediation.
```

9

```
 1              Let me start on the defense side.  What would you
 2   think of a quick arrangement for a mediation that we could put
 3   some efforts towards on this call?
 4              MR. NOYES:  Your Honor, I can certainly ask my client.
 5   ████████████████████████████████████████████████████████████████
 6   ███████████████████████████████████████████████
 7   ██████████████████████████████████████████████████████████then we
 8   will be speaking formally to have a stay put in place, and a
 9   mediation could be helpful on that.  ████████████████████████
10   ███████████████████████████████████████
11              THE COURT:  Yeah.
12              MR. NOYES:  ██████████████████████████████████████████
13   ████████████████████████████████████████████████████████████████
14              THE COURT:  Well, let me ask you both this simple
15   question:  I'll start with Mr. Noyes.  ████████████████████████
16   █████████████████████████████████████
17              MR. NOYES:  ██████████████████████████████████████████
18   ███████████████████████████████████████████████████████████████
19   ████████████████████████████████████████████████████████████████
20   ███████████████████████████████████████████████████████████
21   █████████████████████████████████
22              THE COURT:  Mr. Walker.
23              MR. NOYES:  There's probably some devil in the
24   details.
25              THE COURT:  Yeah.
```

```
                                                                    10
 1         Mr. Walker, is that your view?  ████████████████████████
 2   ██████████████████████████████████████████████████████████████
 3   ████████████
 4         MR. WALKER:  I think it's a little more nuanced than
 5   that, Your Honor.  ███████████████████████████████████████████
 6   ██████████████████████████████████████████████████████████████
 7   ██████████████████████████████████████████████████████████████
 8   ██████████████████████████████████████████████████████████████
 9   ██████████████████████████████████████████████████████████████
10   ██████████████████████████████████████████████████████████████
11   ████████████████
12         THE COURT:  Okay.  ████████████████████████████████████
13   ██████████████████████████████████████████████████████████████
14   ████████████████████████████████████
15         MR. NOYES:  Your Honor, this is Frank Noyes.
16   ██████████████████████████████████████████████████████████████
17   ██████████████████████████████████████████████████████████████
18   ██████████████████████████████████████████████████████████████
19   ██████████████████████████████████████████████████████████████
20   ████████████████████████████████████████
21         THE COURT:  Well, you know, as usual, I'm looking for
22   something in between.  ██████████████████████████████████████
23   ██████████████████████████████████████████████████████████████
24   ████████████████████████████████████████I'm wondering if we could
25   come up with a schedule that puts these dates in place at least
```

11

1  for the first tranche of discovery and maybe move it back a
2  week or two, buy some additional time, ███████████████████
3  ████████████████████████████████████████████████████████
4  ████████████████████████████████
5           The way Mr. Walker had proposed this, it would be
6  rolling production beginning in mid June and depositions in
7  mid July, from my notes.  So the June date would be roughly
8  about 40 days away.  What if we made that June 30th and pushed
9  the depositions back to the end of July?
10          Mr. Walker, that's different than a stay, but it also
11 accomplishes some of the purposes of the stay but still gives
12 you a schedule you can rely on.
13          MR. WALKER:  I think -- Your Honor, I think we could
14 potentially make that work.  I think some members of our team
15 have a little bit of conflict near the end of July, but we
16 could make it work.
17          THE COURT:  All right.  And, Mr. Noyes, how would that
18 sound to you?
19          MR. NOYES:  Your Honor, I think that would be helpful.
20 If I understand it, I think what that will do is allow us to
21 keep our foot off the accelerator for the next few weeks and
22 then get started.
23          THE COURT:  Why don't I task you all to see if you can
24 come up with an agreed order with the dates we just talked
25 about.  There are some other issues.  You know, I don't know

```
                                                              12
 1   what the defendants' position is on the merits and if there are
 2   going to be any -- anything other than a memorandum in
 3   opposition to the motion, but we should probably set a date for
 4   any, for example, 12(b)(6) motions somewhere during the course
 5   of discovery.  So these would be teed up maybe a month before
 6   we have the PI hearing.
 7            What I would suggest is that we put this all into an
 8   order that you can agree upon, and then why don't we convene a
 9   phone call again in two weeks ████████████████████████████████
10   ████████████████
11            Any issues there?
12            MR. NOYES:  Your Honor, Frank Noyes.
13            That would work.  We waived service on both of our
14   clients, one of whom is out of the country.  So our response
15   date falls, you know, somewhere in the midst, probably early
16   part of this schedule.  And while we haven't made a
17   determination as to whether we're going to answer or file a
18   dispositive motion, we have not -- we have also not asked for
19   that to be postponed.  I think for the time being, just file
20   the responses to the complaint when they're required to be
21   filed.
22            THE COURT:  All right.  I think we have a plan here.
23   Is there anything else we need to address?
24            MR. WALKER:  Nothing from OCLC, Your Honor.
25            MR. NOYES:  Nothing from our side, Your Honor.
```

13

1        THE COURT: All right. Very good.

2        Well, thank you for your help. I'll look forward to a
3 proposed order, and then why don't we just simply go ahead --
4 this is Wednesday, the 9th. On the 23rd will be two weeks from
5 today. Why don't we set this again at 11:00?

6        MR. WALKER: Thank you, Your Honor.

7        THE COURT: All right. Thank you all very much.
8 We'll be -- by the way, if I can be of any help with appointing
9 a mediator in this case, be sure to let me know. Okay?

10        MR. WALKER: For sure.

11        MR. NOYES: Thank you.

12        THE COURT: All right. Thank you very much. We'll be
13 in touch. Take care.

14     (Proceedings concluded at 11:15 a.m.)

15                        - - -

14

C E R T I F I C A T E

I, Crystal Hatchett, RPR, CRR, do hereby certify that the foregoing is a true and correct transcript of the proceedings before the HONORABLE EDMUND A. SARGUS, JR., Judge, in the United States District Court, Southern District of Ohio, Eastern Division, on the date indicated, reported by me in shorthand and transcribed by me or under my supervision.

s/Crystal Hatchett
Crystal Hatchett, RPR, CRR
Official Federal Court Reporter
June 9, 2025