```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION

OCLC, INC.,                       )
                                  )
   PLAINTIFF                      )  CASE NO. 2:25-cv-309
                                  )
          vs.                     )
                                  )
BAKER & TAYLOR, LLC, ET AL.,      )
                                  )
   DEFENDANTS.                    )
_____   )


 REDACTED TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE PROCEEDINGS
          BEFORE THE HONORABLE EDMUND A. SARGUS, JR.
            WEDNESDAY, APRIL 23, 2025; 11:00 A.M.
                       COLUMBUS, OHIO

APPEARANCES:

   FOR THE PLAINTIFF:
        Squire Patton Boggs
        By:  Jeffrey M. Walker, Esq.
             Brittany N. M. Silverman, Esq.
             Erin Hassett, Esq.
             Kathryn M. Brown, Esq.
        41 South High Street, Suite 2000
        Columbus, Ohio  43215

   FOR THE DEFENDANTS:
        Offit Kurman
        By:  Frank Noyes, Esq.
        222 Delaware Avenue, Suite 1105
        Wilmington, Deleware  19801

        Cavitch Familo & Durkin Co., LPA
        By:  Derek P. Hartman, Esq.
             Michael C. Cohan, Esq.
             Jose Mendez Valdez, Esq.
        1300 East Ninth Street, 20th Floor
        Cleveland, Ohio  44114

                         - - -

   Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

                    CRYSTAL HATCHETT, RPR, CRR
                    FEDERAL OFFICIAL COURT REPORTER
                        85 MARCONI BOULEVARD
                       COLUMBUS, OHIO  43215
                          (614) 719-3245

```
                                                                2
1                                     WEDNESDAY MORNING SESSION
2                                     APRIL 23, 2025
3                           - - -
4       (The following proceedings were had via telephone
5    conference.)
6            THE COURTROOM DEPUTY CLERK:  Counsel, at this time I'm
7    going to do roll call.
8            For the plaintiff, Erin Hassett.
9            MS. HASSETT:  Here.
10           THE COURTROOM DEPUTY CLERK:  Kathryn Brown.
11           MS. BROWN:  Here.
12           THE COURTROOM DEPUTY CLERK:  Jeffrey Walker.
13           MR. WALKER:  Here.
14           THE COURTROOM DEPUTY CLERK:  For the defendants, Derek
15   Hartman.
16           MR. HARTMAN:  Here.
17           THE COURTROOM DEPUTY CLERK:  Michael Cohan.
18           MR. COHAN:  Here.
19           THE COURTROOM DEPUTY CLERK:  Jose Valdez.
20           MR. VALDEZ:  Here.
21           THE COURTROOM DEPUTY CLERK:  And Frank Noyes.
22           MR. NOYES:  Yes, I'm here.  Thank you.
23           THE COURTROOM DEPUTY CLERK:  Please hold for
24   Judge Sargus.
25           MR. WALKER:  I just wanted to make sure you got
```

```
 1  Brittany Silverman.  My colleague Brittany Silverman is also on
 2  line for the plaintiff.
 3          THE COURTROOM DEPUTY CLERK:  Thank you so much.
 4          THE COURT:  Good morning to all of you.  This is
 5  Judge Sargus.  We have a telephone conference that's on the
 6  record.
 7          First question I will ask:  When we last spoke, ▇▇▇
 8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
 9  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10          Who can give an update on where that is?
11          MR. NOYES:  Your Honor, this is Frank Noyes.  I can
12  speak to that.  I'm sure someone else can as well.
13          THE COURT:  All right.  Go ahead.
14          MR. NOYES:  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
15  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
16  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  I don't think it would further impact
17  the preliminary schedule.
18          THE COURT:  Your view would be that we go forward
19  then?
20          MR. NOYES:  Well, there's some other issues that we
21  will be raising today; but in terms of that process, yes, it
22  will not further impact the preliminary discovery process.
23          THE COURT:  And just to cut through this.  On the
24  plaintiff's side, does anyone disagree with that?
25          MR. WALKER:  We agree that we're ready to move
```

1 forward, Your Honor.

2 THE COURT: All right. There has been a proposed
3 schedule for a preliminary injunction proceeding that was filed
4 last week. You filed that jointly, so I'm sure it's all right
5 with everyone. You're looking for a hearing; but as I read
6 this, you're looking for a hearing date sometime after
7 August 15th.

8 All right. Now, who wants to be heard?

9 MR. HARTMAN: Your Honor, this is Derek Hartman on
10 behalf of the defendants.

11 There has been some developments that have occurred
12 from our camp since that proposed order that was jointly filed.

13 Mr. Walker and I had a couple of conversations this
14 morning, and we've gotten on the same page concerning some
15 issues that I'm going to raise and we're not on the same page
16 concerning other issues.

17 One of the main issues that really impacts the
18 schedule is whether Bridgeall and Baker & Taylor intends to
19 file motions to dismiss. And we have discussed that
20 internally, and I want to address it defendant by defendant
21 because I think it's easier to look at it from that
22 perspective.

23 THE COURT: Let me give you --

24 MR. HARTMAN: Bridgeall is a company that --

25 THE COURT: Wait one moment. Let me give you my view

1  before you get wound up here.
2          This is very typical when there's a motion for a
3  preliminary injunction, to have one side saying we want a
4  hearing, the other side saying we want a motion filed to
5  dismiss and we want you to decide that first.  You know,
6  without any view of the merits is where I sit.
7          What I normally do is think of these going in tandem;
8  that we would be prepping for a hearing at the same time you
9  would be filing a motion.  The other side would be responding
10 to some type of motion to dismiss or something to that effect.
11         So is that what you're proposing?
12         MR. HARTMAN:  I think I was going to make a proposal
13 that merit-based discovery be stayed while the motions are
14 pending, but it doesn't -- based upon what you've said, it
15 doesn't seem like that would be well-received.
16         I guess one of the issues --
17         THE COURT:  I'm just chuckling here.  That's how these
18 things always tend to go.  The party with the motion to dismiss
19 wants it to go first, the party with the preliminary injunction
20 want -- so what I don't -- what we run the risk of is discovery
21 that's not necessary if your motion prevails.  That's a risk.
22 But the other risk is delaying something that the plaintiff
23 says they're entitled to.  And, of course, at this point I have
24 no way of knowing that.
25         So you're right, I mean, my preference would be --

6

| | |
|---|---|
| 1 | certainly I don't want to bottle up any motion to dismiss. The |
| 2 | quicker you can get that filed, the more you might be |
| 3 | successful on it. But at the same time, I would be more -- |
| 4 | unless anybody disagrees. I know on the defense side you |
| 5 | probably do. |
| 6 | On the plaintiff's side I'm sure you still want to go |
| 7 | forward with discovery; is that right? |
| 8 | MR. WALKER: That is correct, Your Honor. |
| 9 | THE COURT: Okay. So my suggestion would be that we |
| 10 | schedule two tracks here. Just to be clear, on the defense |
| 11 | side, from what I have just said, you're not necessarily |
| 12 | agreeing to that. But the schedule as set out, on the |
| 13 | assumption that we're going to a preliminary injunction |
| 14 | hearing, you're not objecting to that; but you do want the |
| 15 | opportunity to file a motion to dismiss while this is all |
| 16 | proceeding? |
| 17 | MR. HARTMAN: This is Derek Hartman, Your Honor. |
| 18 | I would say that that is correct. One thing to raise, |
| 19 | though, is relative to Bridgeall. Bridgeall is a foreign |
| 20 | company that is based over in Scotland, and one of the issues |
| 21 | we intend to raise is personal jurisdiction. And we would |
| 22 | propose, or advocate, for discovery related to Bridgeall to be |
| 23 | limited to personal jurisdiction issues instead of merit-based |
| 24 | issues. |
| 25 | THE COURT: What's the plaintiff's position? |

1  MR. WALKER: Thank you, Your Honor. This is Jeff
2  Walker.
3  Your Honor, I think we would obviously oppose that. I
4  think while a number of our discovery that we have already
5  submitted to the Court goes to personal jurisdiction issues,
6  there are some merits-related issues that are important for us
7  to be able to test and obtain discovery on -- as part of our
8  preliminary injunction motion in advance of the hearing.
9  THE COURT: How important do you see Bridgeall to your
10 case for a preliminary injunction?
11 MR. WALKER: So I think -- we think that they're
12 important; that's why we included them. But we also need
13 discovery in order to confirm that from our perspective.
14 THE COURT: All right. How much discovery --
15 MR. HARTMAN: Your Honor, may I offer --
16 THE COURT: Go ahead.
17 MR. HARTMAN: This is Derek Hartman again.
18 If you look at the complaint, I think Bridgeall is
19 only referenced three times in the complaint. And it's our
20 position that, and I have already disclosed to Mr. Walker,
21 Bridgeall isn't really -- we take the position Bridgeall
22 doesn't belong in this case, notwithstanding the personal
23 jurisdiction grounds.
24 So that's why we are holding the position that
25 merits-based discovery, based on how nominal of a party

```
 1  Bridgeall is relative to the allegations in the claims set
 2  forth in the complaint, is appropriate and reasonable.
 3          THE COURT:  Well, you know, in a perfect world what I
 4  would suggest is that if -- depending on how Bridgeall fits
 5  into this, that the discovery be as limited as possible on the
 6  plaintiff's side.
 7          Are you willing to commit to that?
 8          MR. WALKER:  Yes, Your Honor.
 9          THE COURT:  Until we get the issue of personal
10  jurisdiction resolved.
11          MR. WALKER:  Sure, we can definitely do that, Your
12  Honor.  That would be fine.
13          THE COURT:  All right.  So how soon on the defense
14  side are you ready to file any sort of dispositive motion with
15  regard either to the preliminary injunction or to the case
16  itself?
17          MR. HARTMAN:  This is Derek Hartman, Your Honor.
18          Looking at the waiver of the service that we filed,
19  Baker & Taylor's responsive pleading deadline is May 26th, and
20  Bridgeall's responsive pleading deadline is June 25th.
21          I mean, we can strive -- I really think I can get both
22  motions filed on the 26th; but if the Court's inclination is to
23  roll up the deadline even further, I may be able to make some
24  more compromises.  I just don't want to -- if the Court is
25  willing to give me the time, I don't want to sell myself short.
```

1 THE COURT: Well, at the same time, if I'm in your
2 situation, you would like to nip a lot of discovery and other
3 matters leading up to a hearing if you could, right? The
4 sooner the better.
5 MR. HARTMAN: Yes, Your Honor.
6 THE COURT: I mean, if you need more time, I'm
7 certainly not unsympathetic. That's a month away. Is that
8 enough time?
9 MR. HARTMAN: Yeah, I think I can -- yeah, if we want
10 to roll up, Your Honor, Bridgeall's responsive deadline to
11 match Baker & Taylor's responsive deadline -- well, before I
12 speak out of turn.
13 Frank and Mike, do you have any objections if we roll
14 up and make the deadline for Bridgeall the same as Baker &
15 Taylor, which would be May 26th of '25?
16 MR. NOYES: Your Honor, this is Frank Noyes. I think
17 that's very doable for us.
18 THE COURT: It's a month. I assume this is not going
19 to be based on any fact dispute; this is going to be a legal
20 position?
21 MR. HARTMAN: That's correct.
22 THE COURT: All right. Well, and then how long would
23 the plaintiff suggest for a response? I'm thinking 30 days.
24 MR. WALKER: Your Honor, we could probably do 21 days.
25 THE COURT: All right. Let's do 21 days, and then

1  14 days to reply.  How does that sound?
2          MR. HARTMAN:  This is Derek Hartman.
3          That's perfectly fine.
4          THE COURT:  I mean, what I would like to do -- I think
5  you're entitled to this -- is before we are on the cusp of a
6  hearing date for a preliminary injunction, that you have these
7  motions flushed out and we'll know where we are.
8          MR. HARTMAN:  Certainly, Your Honor.  This is Derek
9  Hartman.
10         One other request that I would make is that, we have
11 submitted the proposed scheduling order, and in the Footnote 1
12 you will see the responsive pleading date.  We would be happy
13 to resubmit that proposed order with a new date for the Court's
14 convenience.  I would ask for a short extension of our
15 deadlines to propound discovery requests, which is apparently
16 proposed as April 25th, and make that May 2nd.
17         I don't know if, Mr. Walker, that's amenable to you or
18 not.
19         THE COURT:  Any objections?
20         MR. WALKER:  Your Honor, I think we have been waiting
21 a while for this, and they have had this in their court for --
22 you already granted the two-week extension.  We would prefer to
23 have the discovery requests sooner so that we can start working
24 on responding to them.
25         THE COURT:  All right.  How about we move it back

```
                                                                11
 1    maybe three days?  How about to the 28th?
 2            This is a King Solomon move, if anybody is looking for
 3    a description.
 4            MR. WALKER:  Your Honor, this is Jeff Walker.
 5            That is fine from the plaintiff's perspective.
 6            THE COURT:  All right.
 7            MR. HARTMAN:  From defendants', Your Honor, we're more
 8    than happy for the three-day extension.  Thank you.
 9            THE COURT:  Okay.  All right.  Well, we have a game
10    plan here.
11            Are there any other issues anyone would like to
12    discuss?
13            MR. WALKER:  Your Honor, I think there are two that --
14    this is Jeff Walker for the plaintiff.
15            The first is, we understand that, at least on the
16    jurisdictional motion that Bridgeall is going to be filing,
17    that they may be making a factual as opposed to a facial
18    challenge, and so we -- to the extent we're not -- we would
19    like the opportunity to be able to potentially seek some
20    additional discovery once we see that motion, to the extent
21    it's not covered by our discovery we are -- we have already
22    served.
23            THE COURT:  Well, I understand you haven't seen the
24    motion yet, so you aren't in a position to know, but it is
25    going to be -- obviously when we're talking about personal
```

1   jurisdiction, it can be a couple of different things, one of
2   which can be fact-intensive.  So we could address that now or
3   we could reserve until you have seen the motion.
4           MR. WALKER:  We can reserve, Your Honor.  I just
5   wanted to flag that for the Court.
6           THE COURT:  Okay.  Thank you.
7           MR. WALKER:  And then the last thing, Your Honor, is
8   we currently have the unopposed motion to seal the transcript
9   from last week -- or from two weeks ago.
10          THE COURT:  Yes.
11          MR. WALKER:  I just wanted to flag that for the Court.
12          THE COURT:  ███████████████████████████████
13   ██████████████████████████████ Everything else would be not
14   sealed.
15          MR. WALKER:  That's correct.
16          THE COURT:  We can do that.  We have the same court
17   reporter here, so she will be able to do that for you.
18          MR. WALKER:  Okay.  Great.  Thank you.
19          THE COURT:  Okay.
20          MR. NOYES:  Your Honor, this is Frank Noyes.
21          In response to Mr. Walker's last comment, my report to
22   the Court this morning about that, ████████████, was, I
23   think, very generic.  But if there's a concern, we would
24   certainly not oppose sealing that comment as well.
25          THE COURT:  I'm being reminded, nobody has ordered the

```
                                                                    13
 1   first transcript, but we'll do that on both ends.
 2   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
 3   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
 4   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓   All of that part of the discussion will also be
 5   sealed.
 6              MR. WALKER:  Thank you, Your Honor.
 7              THE COURT:  Okay.  Is there anything else?
 8              MR. WALKER:  Nothing from plaintiff, Your Honor.
 9              THE COURT:  I was going to kid all of you and say now
10   that we have everybody here, we could turn this into a Bar
11   Association meeting.  But that wouldn't be funny, so I won't
12   say that.
13              Thank you.  You know, I'm here if I can help work out
14   any other details, so don't hesitate to reach out.  But in the
15   meantime, we'll expect a new agreed scheduling order that will
16   have also the dates for any defensive motions as well, and then
17   we will move forward.
18              All right.  Well, thank you all very much.  We'll be
19   in touch.  Take care.
20         (Proceedings concluded at 11:15 a.m.)
21                              - - -
22
23
24
25
```

14

C E R T I F I C A T E

    I, Crystal Hatchett, RPR, CRR, do hereby certify that the foregoing is a true and correct transcript of the proceedings before the HONORABLE EDMUND A. SARGUS, JR., Judge, in the United States District Court, Southern District of Ohio, Eastern Division, on the date indicated, reported by me in shorthand and transcribed by me or under my supervision.

```
                              s/Crystal Hatchett_____
                              Crystal Hatchett, RPR, CRR
                              Official Federal Court Reporter
                              June 9, 2025
```