UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OCLC, Inc., | Case No. 2:25-cv-309 |
| Plaintiff, | Judge: Edmund A. Sargus |
| v. | Magistrate: Elizabeth Preston Deavers |
| Baker & Taylor, LLC and Bridgeall Libraries, Ltd., | |
| Defendants. | |

**DEFENDANT BRIDGEALL LIBRARIES, LTD.'S REPLY TO PLAINTIFF OCLC, INC.'S OPPOSITION TO MOTION TO DISMISS**

I. **BRIDGEALL JOINS BAKER & TAYLOR'S REPLY**

OCLC asserts the same claims for: (1) tortious interference with contractual relationships (Count I); (2) tortious interference with prospective business relationships (Count II); and (3) unjust enrichment (Count IV) that it asserted against Baker & Taylor against Bridgeall Libraries, Ltd. as well.  In fact, with respect to these claims, the Complaint does not distinguish between Baker & Taylor and Bridgeall and refers to them collectively as "Defendants."  (Compl. ¶¶ 130-41, 148-54, ECF 1 at PageID 24-27.)  Accordingly, the arguments in Baker & Taylor's Reply apply equally to Bridgeall.  As such, Bridgeall adopts the arguments in Baker & Taylor's Reply in their entirety and incorporates them into this Reply as if fully set forth herein.

II. **THE CLAIMS AGAINST BRIDGEALL ADDITIONALLY FAIL BECAUSE BRIDGEALL IS NOT A PARTY TO THE COLLECTIONHQ AGREEMENT**

As Bridgeall explained in its Motion, OCLC's claim against Bridgeall additionally fails because, as the Complaint makes clear, it is not a signatory to the collectionHQ agreement. (Compl. Ex. D, ECF 1–4 at PageID 49.)  The theory underlying OCLC's claims for tortious interference and unjust enrichment is that Baker & Taylor built BTCat built with "WorldCat records" based on a "contractual backdoor to obtain WorldCat records" in its collectionHQ agreements. (Compl. ¶ 14, 148-54, ECF 1 at PageID 3.)  In other words, OCLC contends that the collectionHQ contract is the vehicle through which tortious interference and unjust enrichment took place.  In that regard, Baker & Taylor entered into these collectionHQ agreements—not Bridgeall.  It is of no consequence that collectionHQ may have been a Bridgeall service.

III. **CONCLUSION**

For these reasons and the reasons set forth in Bridgeall's Motion, the Court should grant Bridgeall's Motion and dismiss Counts I, II, and IV against Bridgeall.

Respectfully submitted,

| | |
|---|---|
| /s/ *Derek P. Hartman* | /s/ *Frank E. Noyes, II (admitted pro hac vice)* |
| Derek P. Hartman (0087869), Trial Attorney | Frank E. Noyes, II (PA Bar No. 48366) |
| Michael C. Cohan (0013542) | Nafiz Cekirge (CA Bar No. 255710) |
| CAVITCH FAMILO & DURKIN CO., L.P.A. | OFFIT KURMAN, P.A. |
| 1300 East Ninth Street, Twentieth Floor | 222 Delaware Avenue, Suite 1105 |
| Cleveland, Ohio 44114 | Wilmington, Delaware 19801 |
| Telephone: (216) 621-7860 | Telephone: 302-351-0900 |
| Facsimile: (216) 621-3415 | Facsimile: 302-351-0915 |
| Email: mcohan@cavitch.com | Email: fnoyes@offitkurman.com |
| dhartman@cavitch.com | Nafiz.cekirge@offitkurman.com |
| *Attorneys for Defendant Baker & Taylor, LLC* | *Attorneys for Defendant Baker & Taylor, LLC* |

## CERTIFICATE OF SERVICE

On July 1, 2025, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

/s/ *Derek P. Hartman*
Derek P. Hartman (0087869), Trial Attorney
*One of the Attorneys for Defendant Baker & Taylor, LLC*