# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| OCLC, INC. | ) | CASE NO. 2:25-CV-309 |
| | ) | |
| Plaintiff, | ) | JUDGE: EDMUND A. SARGUS |
| | ) | |
| v. | ) | MAGISTRATE: ELIZABETH PRESTON DEAVERS |
| | ) | |
| BAKER & TAYLOR, LLC, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BAKER & TAYLOR, LLC'S NOTICE OF PLAINTIFF OCLC, INC.'S DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), counsel for Defendant Baker & Taylor, LLC ("*Baker & Taylor*") will take the deposition of the designated representative(s) of Plaintiff OCLC, Inc. ("*OCLC*") beginning on 9:00 a.m. on August 14, 2025 and August 15, 2025 at a location mutually agreed upon by the parties. Baker & Taylor will take the deposition of the designated representative(s) on the matters listed on **Schedule "1"** and on reasonably related matters from day to day until completed. The deposition will be taken before an officer appointed or designated to administer oaths and will be transcribed by stenographic means. This deposition is being taken for the purposes of discovery, for use at the preliminary injunction hearing, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and the local rules.

Respectfully submitted,

| | |
|---|---|
| /s/ Derek P. Hartman | /s/ Frank E. Noyes, II   (admitted pro hac vice) |
| Derek P. Hartman (0087869), Trial Attorney | Frank E. Noyes, II (PA Bar No. 48366) |
| Michael C. Cohan (0013542) | Nafiz Cekirge (CA Bar No. 255710) |
| Jose Mendez Valdez (0105056) | OFFIT KURMAN, P.A. |
| CAVITCH FAMILO & DURKIN CO., L.P.A. | 222 Delaware Avenue, Suite 1105 |
| 1300 East Ninth Street, Twentieth Floor | Wilmington, Delaware 19801 |
| Cleveland, Ohio 44114 | Telephone:   302-351-0900 |
| Telephone:   (216) 621-7860 | Facsimile:    302-351-0915 |
| Facsimile:    (216) 621-3415 | Email:          fnoyes@offitkurman.com |
| Email:          mcohan@cavitch.com | Nafiz.cekirge@offitkurman.com |
|                      dhartman@cavitch.com | |
|                      jvaldez@cavitch.com | |
| | |
| *Attorneys for Defendant Baker & Taylor, LLC* | *Attorneys for Defendant Baker & Taylor, LLC* |

## CERTIFICATE OF SERVICE

On July 15, 2025, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

/s/ Derek P. Hartman
Derek P. Hartman (0087869), Trial Attorney
*One of the Attorneys for Defendant Baker & Taylor, LLC*

## SCHEDULE 1

**Baker & Taylor Topics for OCLC's Fed. R. Civ. P. 30(B)(6) Deposition**
*OCLC, Inc. v. Baker & Taylor, LLC, et al.,*
*Case No. 2:25-cv-00309 (S.D. Ohio)*

1) The Framework Agreement, including its drafting, implementation, application, and enforcement.

2) Schedule 2 to the Framework Agreement, including its drafting, implementation, application, and enforcement.

3) The WorldCat Policy, including its drafting, implementation, interpretation, application, amendment, and enforcement.

4) Education of WorldCat customers and/or the WorldCat community regarding the Framework Agreement, Schedule 2, the WorldCat Policy, and WorldCat records.

5) OCLC's industry practices related to confirming that WorldCat customers have the right to share or upload records with OCLC/WorldCat.

6) Alleged breaches of the Framework Agreement, Schedule 2, and/or WorldCat Policy.

7) All efforts by OCLC to enforce obligations—through cease-and-desist letters, litigation, or otherwise—that it claims WorldCat customers owe under the Framework Agreement, Schedule 2, the WorldCat Policy, and/or any other agreement.

8) All policies, guidelines, rules, and restrictions regarding the use, licensing, and grant of access by WorldCat customers of WorldCat records, including the sharing of WorldCat records with third parties.

9) WorldCat records, including their definition, enhancement, claims of ownership, disclaimers of ownership (e.g., public statements by OCLC and/or industry articles), and any associated copyright or other intellectual property rights.

10) WorldCat, including its creation, infrastructure, maintenance, operation, upload/download, and access of records, functionality, and percentage of revenue of OCLC.

11) How Schedule 2 subscribers' catalogs are maintained on WorldCat.

12) How WorldCat customers download/upload WorldCat records to their ISL/LSPs and their rights with respect to these WorldCat records once they are downloaded/uploaded to their ISL/LSPs.

13) WorldCat customers' obligations with respect to WorldCat records if their WorldCat subscriptions end (under Schedule 2 or otherwise).

14) The person(s) who can describe the facts referenced or relied upon in OCLC's Complaint.

15) All current contractual relationships with which OCLC claims that Baker & Taylor interfered with, including the relevant contractual provisions involved.

16) All prospective business relationships that OCLC claims that Baker & Taylor interfered with, including the identities of such customers.

17) All WorldCat customers who allegedly left WorldCat for BtCat, including WorldCat customers who: (a) allegedly "cancel[ed] their WorldCat subscriptions and transition[ed] to BTCat" as alleged in Paragraph 120 of the Complaint; (b) allegedly are "considering transition to BTCat" as alleged in Paragraph 120 of the Complaint; and (c) "OCLC has" allegedly "lost to BTCat" as alleged in Paragraph 123 of the Complaint.

18) All circumstances in which you claim that it would be permissible for a WorldCat customer to share WorldCat records with a third-party.

19) Industry practices for building a bibliographic database similar to WorldCat.

20) The WorldCat Data Licensing agreement identified in paragraph 7 of the Complaint.

21) Facts in the Rozek Declaration.

22) Facts in the Sauer-Games Declaration.

23) All efforts by OCLC to track products competing with WorldCat.

24) OCLC's identification and calculation of claimed damages.

25) The potential purchase of Bridgeall Libraries, LLC.

26) Any of OCLC's responses to Baker & Taylor's discovery requests and any documents produced in response to those requests.

27) OCLC's bases for claiming that it will suffer irreparable harm if a preliminary injunction is not granted.

28) The 400+ OCLC designations/codes identified as OCLC identifiers for MARC records, including their functionality, purpose, and the basis for presenting them as OCLC identifiers in MARC records.