# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| OCLC, INC., | CASE NO. 2:25-CV-309 |
| PLAINTIFF, | JUDGE: EDMUND A. SARGUS, JR. |
| V. | MAGISTRATE: ELIZABETH PRESTON DEAVERS |
| BAKER & TAYLOR, LLC, *ET AL.*, | |
| DEFENDANTS. | |

## STIPULATED PRELIMINARY INJUNCTION AND STATUS QUO ORDER

WHEREAS, Plaintiff OCLC, Inc. ("OCLC") filed a Motion for Preliminary Injunction on March 26, 2025, which is now fully briefed and set for a hearing on October 6, 2025;

WHEREAS, OCLC and Defendants Baker & Taylor, LLC ("B&T") and Bridgeall Libraries Limited ("Bridgeall"), after conferring in good faith and for valuable consideration shown, wish to forego the October 6 hearing and enter into a stipulation in lieu of the Court entering a preliminary injunction;

WHEREAS, this stipulation, if entered by the Court, is entered pursuant to Federal Rules of Civil Procedure 65.

NOW THEREFORE, the Parties, through undersigned counsel, stipulate, subject to the approval of the Court, that B&T, and its officers, agents, servants, employees, and attorneys, shall not do any of the following, and Bridgeall, and its officers, agents, servants, employees, and attorneys, shall maintain the status quo while the litigation is pending or until further order of Court:

1

1. For those contracts for collectionHQ products not assigned to Valsoft that contain Section 4.5 (or similar provisions), as described in OCLC's complaint in *OCLC, Inc. v. Baker & Taylor, LLC*, No. 2:25-cv-309 (S.D. Ohio), Defendants will not seek to enforce such provision(s) with WorldCat customers (or otherwise seek a license for or request/collect records pursuant to such a provision).

2. Defendants will not accept transfer of the cataloging records that Bridgeall collected pursuant to Section 4.5 (or similar provisions) of the collectionHQ agreements and that are currently being retained and stored by Valsoft (or its subsidiaries and affiliates).

3. Defendants will not accept for transfer records and data from CHQ customers under Section 4.5 (or similar provisions) from Valsoft (or its subsidiaries and affiliates).

4. Defendants will continue to sequester the cataloging records that Bridgeall collected from customers, pursuant to Section 4.5 (or similar provisions) of the collectionHQ agreements, and transferred to Baker & Taylor since October 2023.

5. Defendants will not accept any new BTCat customers, but Existing BTCat Customers will continue to retain their contract rights to access the BTCat Main and community pool repositories. "Existing BTCat Customers" include those customers that have agreed to terms to become BTCat subscribers and have been provided the BTCat subscription pricing or agreement prior to execution of this Stipulation, provided that the BTCat subscription agreement is fully executed as of October 1, 2025 and the customer has been billed for that subscription by October 3, 2025. A list of Existing BTCat Customers shall be provided to OCLC on a highly confidential (AEO) basis pursuant to paragraph 10 below. No one outside B&T other than Existing BTCat Customers will have access to the BTCat main or community pool repositories.

6. Defendants will, on or before Monday, October 6, 2025, disable the ability/functionality for Existing BTCat Customers to add cataloging records directly to BTCat Community Pool (or otherwise share those records with other Existing BTCat Customers). Between the execution date of this stipulation and October 6, 2025, Defendants agree not to encourage Existing BTCat Customers to add cataloging records to BTCat Community Pool (or otherwise share those records with other Existing BTCat Customers). No additional records or data from Existing BTCat Customers or current or former collectionHQ customers who have shared records and data via FTP, will be added to the BTCat Community Pool or BTCat main. Records and data uploaded to BTCat by Existing BTCat Customers may only be stored in the customer-specific repositories. Nothing in the foregoing shall limit B&T's ability to add records prepared by B&T catalogers for BTCat subscribers or properly obtained from other sources, including without limitation publishers or the Library of Congress, into the BTCat repositories.

7. Defendants will not solicit, use, or retain WorldCat customers' login credentials (as opposed to WorldCat login credentials provided to Defendants by OCLC for third-party cataloging and other uses expressly authorized in writing by OCLC) and will not use credentials provided by OCLC to access WorldCat for cataloging other than under a third-party cataloging agreement. B&T will prevent BTCat customers who have OCLC WorldCat credentials from accessing WorldCat through BTCat. Notwithstanding any provisions in third-party agreements allowing for audits of Baker & Taylor by OCLC, no such audits shall be conducted during the pendency of the litigation.

8. Defendants must ensure that all records and data in any customer-specific repository are not transferred, accessible, or available to anyone besides the specific BTCat customer, including other BTCat customers or Defendants.

9. Defendants will not access WorldCat via Z39.50 or any method—for original cataloging, third-party cataloging, or any other purpose—without a third-party cataloging or other written agreements with OCLC.

10. Defendants will provide a certificate of compliance to OCLC with these terms within fourteen (14) days of the entry of this stipulated preliminary injunction order. As part of this declaration, Defendants will attach a list of Existing BTCat Customers (designated AEO) as provided in paragraph 5 above.

11. After entry of this stipulated preliminary injunction, Defendants agree to give a mutually agreeable third-party auditor access to BTCat in order to evaluate BTCat and its records and data for the presence of records that OCLC contends it is entitled to restrict, working with B&T personnel who will implement searches requested by the Auditor. The parties shall meet and confer in good faith to agree to the specific terms and parameters of the audit, within seven days of the entry of this Stipulation by the Court. OCLC will pay for the work completed by the third-party auditor.

12. The parties agree to seek a stay of the litigation for thirty (30) days and request a status conference with the Court at the end of that stay.

Dated: October 1, 2025

| | |
|---|---|
| SQUIRE PATTON BOGGS (US) LLP | CAVITCH FAMILO & DURKIN CO., L.P.A. |
| */s/ Jeffrey M. Walker* | /s/ *Derek P. Hartman* |
| Jeffrey M. Walker (0096567) | Derek P. Hartman (0087869), Trial Attorney |
| Kathryn M. Brown (0100426) | Michael C. Cohan (0013542) |
| Traci L. Maritnez (0083989) | Jose Mendez Valdez (0105056) |
| Brittany Silverman (0102263) | 1300 East Ninth Street, Twentieth Floor |
| Erin Hassett (0099970) | Cleveland, Ohio 44114 |
| 2000 Huntington Center | Telephone:     (216) 621-7860 |
| 41 South High Street | Facsimile:      (216) 621-3415 |
| Columbus, Ohio 43215 | mcohan@cavitch.com |
| Telephone: (614) 365-2700 | dhartman@cavitch.com |
| Facsimile: (614) 365-2499 | jvaldez@cavitch.com |
| jeffrey.walker@squirepb.com | |
| kathryn.brown@squirepb.com | OFFIT KURMAN, P.A. |
| brittany.silverman@squirepb.com | /s/ *Frank E. Noyes (admitted pro hac vice)* |
| erin.hassett@squirepb.com | Frank E. Noyes, II (PA Bar No. 48366) |
| | 222 Delaware Avenue, Suite 1105 |
| | Wilmington, Delaware 19801 |
| | Telephone:     302-351-0900 |
| *Attorneys for Plaintiff OCLC, Inc.* | Facsimile:     302-351-0915 |
| | fnoyes@offitkurman.com |
| | |
| | *Attorneys for Defendant Baker & Taylor, LLC and Bridgeall Libraries, Ltd.* |

**SO ORDERED.**

This ____ day of October 2025:            _____
                                                                    UNITED STATES DISTRICT JUDGE

5