UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OCLC, INC.,**

    **Plaintiff,**

v.

**BAKER & TAYLOR, LLC,** *et al.***,**

    **Defendants.**

Case No. 2:25-cv-309
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

# ORDER

This matter is before the Court on the Parties' Joint Motion to Stay and Notice of Stipulation. (ECF No. 80.)

On September 30, 2025, the Court held a telephone status conference in this matter to discuss the status of this case. (ECF Nos. 78, 79.) During the first portion of the call, which was public and unrestricted, the Parties discussed the procedure for the upcoming preliminary injunction hearing, which was scheduled for October 6, 2025. The Parties then moved to enter a sealed, private call with the Court to discuss confidential matters regarding potential stipulations that may affect the upcoming hearing. Finding good cause for a sealed session, the Court entered a private call, joined only by the Parties, to discuss those matters.

The Parties' Notice of Stipulated Preliminary Injunction and Joint Motion for a Stay followed on October 2, 2025. (ECF No. 80.) Plaintiff OCLC, Inc. and Defendants Baker & Taylor, LLC ("B&T") and Bridgeall Libraries, Ltd., jointly inform the Court that they have agreed to a stipulated preliminary injunction that resolves OCLC's Motion for Preliminary Injunction (ECF No. 5) and the hearing on that Motion. (ECF No. 80, PageID 2034.) The Parties represent that the stipulated injunction does not resolve the Motions to Dismiss filed by B&T (ECF No. 34) and

Bridgeall (ECF No. 35). (ECF No. 80, PageID 2034.) A copy of the Stipulated Preliminary Injunction is attached to the Notice. (ECF No. 80-1.) The Court finds good cause to enter the Stipulated Preliminary Injunction, so the Court enters it below with no changes except the elimination of point number twelve regarding the request for a stay.

The Parties also move for a stay of this litigation for 30 days, to begin on the date of this Court's Order entering the Stipulated Preliminary Injunction. (*Id.*) The stay is to allow for a third-party audit of Defendants' BTCat product to proceed. (*Id.* PageID 2034–35.) The Parties request a stay of the current briefing schedule regarding the Parties' forthcoming Motions to Permanently Seal. (*See* ECF No. 72.) The Court finds that a limited stay is warranted, but the briefing schedule on the motions to permanently seal should not change.

For good cause shown, the Court **GRANTS in Part and DENIES in part** the Parties' Joint Motion to Stay and Notice of Stipulation. (ECF No. 80.) The Court **ENTERS** the Stipulated Preliminary Injunction as agreed to by the Parties (ECF No. 80-1), and Defendants are **PRELIMINARILY ENJOINED** as set forth below. Accordingly, the Motion for Preliminary Injunction is **GRANTED in accordance with the terms set forth below.** (ECF No. 5.) The Court **VACATES** the preliminary injunction hearing that was scheduled for October 6, 2025. (ECF Nos. 28, 65, 76.) The Court **STAYS** all litigation in this matter **for 30 days after this Order**, except for the briefing schedule on the forthcoming motions to permanently seal. (ECF No. 72.) The Parties are **ORDERED** to jointly file notice regarding the status of this case, including whether an extension of the stay is necessary, **within 30 days of this Order**.

**Stipulated Preliminary Injunction And Status Quo Order**

WHEREAS, Plaintiff OCLC, Inc. ("OCLC") filed a Motion for Preliminary Injunction on March 26, 2025, which is now fully briefed and set for a hearing on October 6, 2025;

WHEREAS, OCLC and Defendants Baker & Taylor, LLC ("B&T") and Bridgeall Libraries Limited ("Bridgeall"), after conferring in good faith and for valuable consideration shown, wish to forego the October 6 hearing and enter into a stipulation in lieu of the Court entering a preliminary injunction;

WHEREAS, this stipulation is entered pursuant to Federal Rules of Civil Procedure 65.

NOW THEREFORE, the Parties, through undersigned counsel, stipulate, subject to the approval of the Court, that B&T, and its officers, agents, servants, employees, and attorneys, shall not do any of the following, and Bridgeall, and its officers, agents, servants, employees, and attorneys, shall maintain the status quo while the litigation is pending or until further order of Court:

1. For those contracts for collectionHQ products not assigned to Valsoft that contain Section 4.5 (or similar provisions), as described in OCLC's complaint in *OCLC, Inc. v. Baker & Taylor, LLC*, No. 2:25-cv-309 (S.D. Ohio), Defendants will not seek to enforce such provision(s) with WorldCat customers (or otherwise seek a license for or request/collect records pursuant to such a provision).

2. Defendants will not accept transfer of the cataloging records that Bridgeall collected pursuant to Section 4.5 (or similar provisions) of the collectionHQ agreements and that are currently being retained and stored by Valsoft (or its subsidiaries and affiliates).

3. Defendants will not accept for transfer records and data from CHQ customers under Section 4.5 (or similar provisions) from Valsoft (or its subsidiaries and affiliates).

4. Defendants will continue to sequester the cataloging records that Bridgeall collected from customers, pursuant to Section 4.5 (or similar provisions) of the collectionHQ agreements, and transferred to Baker & Taylor since October 2023.

5. Defendants will not accept any new BTCat customers, but Existing BTCat Customers will continue to retain their contract rights to access the BTCat Main and community pool repositories. "Existing BTCat Customers" include those customers that have agreed to terms to become BTCat subscribers and have been provided the BTCat subscription pricing or agreement prior to execution of this Stipulation, provided that the BTCat subscription agreement is fully executed as of October 1, 2025 and the customer has been billed for that subscription by October 3, 2025. A list of Existing BTCat Customers shall be provided to OCLC on a highly confidential (AEO) basis pursuant to paragraph 10 below. No one outside B&T other than Existing BTCat Customers will have access to the BTCat main or community pool repositories.

6. Defendants will, on or before Monday, October 6, 2025, disable the ability/functionality for Existing BTCat Customers to add cataloging records directly to BTCat Community Pool (or otherwise share those records with other Existing BTCat Customers). Between the execution date of this stipulation and October 6, 2025, Defendants agree not to encourage Existing BTCat Customers to add cataloging records to BTCat Community Pool (or otherwise share those records with other Existing BTCat Customers). No additional records or data from Existing BTCat Customers or current or former collectionHQ customers who have shared records and data via FTP, will be added to the BTCat Community Pool or BTCat main. Records and data uploaded to BTCat by Existing BTCat Customers may only be stored in the customer-specific repositories. Nothing in the foregoing shall limit B&T's ability to add records prepared by

B&T catalogers for BTCat subscribers or properly obtained from other sources, including without limitation publishers or the Library of Congress, into the BTCat repositories.

7. Defendants will not solicit, use, or retain WorldCat customers' login credentials (as opposed to WorldCat login credentials provided to Defendants by OCLC for third-party cataloging and other uses expressly authorized in writing by OCLC) and will not use credentials provided by OCLC to access WorldCat for cataloging other than under a third-party cataloging agreement. B&T will prevent BTCat customers who have OCLC WorldCat credentials from accessing WorldCat through BTCat. Notwithstanding any provisions in third-party agreements allowing for audits of Baker & Taylor by OCLC, no such audits shall be conducted during the pendency of the litigation.

8. Defendants must ensure that all records and data in any customer-specific repository are not transferred, accessible, or available to anyone besides the specific BTCat customer, including other BTCat customers or Defendants.

9. Defendants will not access WorldCat via Z39.50 or any method—for original cataloging, third-party cataloging, or any other purpose—without a third-party cataloging or other written agreements with OCLC.

10. Defendants will provide a certificate of compliance to OCLC with these terms within fourteen (14) days of the entry of this stipulated preliminary injunction order. As part of this declaration, Defendants will attach a list of Existing BTCat Customers (designated AEO) as provided in paragraph 5 above.

11. After entry of this stipulated preliminary injunction, Defendants agree to give a mutually agreeable third-party auditor access to BTCat in order to evaluate BTCat and its records and data for the presence of records that OCLC contends it is entitled to restrict, working with

B&T personnel who will implement searches requested by the Auditor.  The parties shall meet and confer in good faith to agree to the specific terms and parameters of the audit, within seven days of the entry of this Stipulation by the Court.  OCLC will pay for the work completed by the third-party auditor.

    **IT IS SO ORDERED.**

**10/3/2025**                                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**