## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| OCLC, INC., | ) | CASE NO. 2:25-CV-309 |
| | ) | |
| PLAINTIFF, | ) | JUDGE: EDMUND A. SARGUS |
| | ) | |
| v. | ) | MAGISTRATE: ELIZABETH PRESTON DEAVERS |
| | ) | |
| BAKER & TAYLOR, LLC, ET AL, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANTS BAKER & TAYLOR, LLC AND BRIDGEALL LIBRARIES, LTD.'S MOTION TO SEAL PORTIONS OF DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF OCLC, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND SUPPORTING EXHIBITS

Pursuant to this Court's Order Granting Motion for Leave to File Documents Under Seal dated August 22, 2025 (ECF No. 60), as amended through that certain Order granting Defendants' Motion for Continuance of the Briefing Schedule for the Motions to Seal dated September 23, 2025 (ECF No. 72), Defendants Baker & Taylor, LLC ("*Baker & Taylor*") and Bridgeall Libraries, Ltd. ("*Bridgeall*", and with Baker & Taylor, collectively "*Defendants*") respectfully move to file certain portions of Defendants' Brief in Opposition ("*Defendants' Opp'n. Br.*") to Plaintiff OCLC, Inc.'s ("*OCLC*") Motion for a Preliminary Injunction ("*Pl.'s PI Mot.*") (ECF No. 5) – filed on August 29, 2025 - and supporting exhibits under permanent seal.

Specifically, certain facts and arguments contained in Defendants' Opp'n. Br. and supporting exhibits contain material that has been designated "Confidential" or "Attorneys' Eyes Only" under the terms of that certain Stipulated Protective Order dated April 16, 2025 (ECF No. 22) due to their sensitive, commercial nature.

Under the Sixth Circuit standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), disclosure of these materials would cause irreparable injury to Defendants due to the sensitive business information contained therein. For these reasons, which are more fully explained in the attached Memorandum in Support, Defendants respectfully move to redact certain portions of Defendants' Opp'n. Br. and supporting exhibits and file same under permanent seal. Defendants' proposed redactions to Defendants' Opp. Br. and supporting exhibits have been submitted to the Court via a notice for its consideration.

Respectfully submitted,

/s/ *Derek P. Hartman*
Derek P. Hartman (0087869), Trial Attorney
Michael C. Cohan (0013542)
Jose Mendez Valdez (0105056)
CAVITCH FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, Twentieth Floor
Cleveland, Ohio 44114
Telephone:     (216) 621-7860
Facsimile:     (216) 621-3415
Email:         mcohan@cavitch.com
               dhartman@cavitch.com
               jvaldez@cavitch.com

*Attorneys for Defendants Baker & Taylor LLC and Bridgeall Libraries, Ltd.*

/s/ *Frank E. Noyes, II    (admitted pro hac vice)*
Frank E. Noyes, II (PA Bar No. 48366)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, Delaware 19801
Telephone:     302-351-0900
Facsimile:     302-351-0915
Email:         fnoyes@offitkurman.com

*Attorneys for Defendants Baker & Taylor, LLC and Bridgeall Libraries, Ltd.*

## MEMORANDUM IN SUPPORT

I.   **LAW & ARGUMENT**

In the Sixth Circuit, there is a well-established "strong interest in obtaining the information contained in the court record," which gives rise to a presumption of public access. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). That presumption, however, is not absolute. It may be overcome upon a showing of "the most compelling reasons." *Id.* To satisfy this demanding standard, the moving party must demonstrate: "(1) a compelling interest in sealing the records; (2) that this interest outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The decision whether to seal rests squarely "in the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

Courts in this District have repeatedly recognized that the need to preserve the confidentiality of sensitive commercial information—particularly trade secrets and proprietary technology—can satisfy the "compelling interest" test. *See, e.g., Frohn v. Globe Life & Accident Ins. Co.*, No. 1:19-cv-713, 2022 U.S. Dist. LEXIS 108121, at *3–4 (S.D. Ohio June 16, 2022) (acknowledging that protecting sensitive business information from disclosure may justify sealing*); Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-971, 2017 U.S. Dist. LEXIS 152588, at *2 (S.D. Ohio Sept. 20, 2017) (granting sealing to protect competitive business information).

3

Here, Defendants have a compelling interest in maintaining the confidentiality of the information contained in their Opposition Brief. The brief includes proprietary and commercially sensitive material detailing the functionality, design, and implementation of Defendants' flagship products—BTCat and collectionHQ—as well as confidential information concerning Defendants' relationships with past, current, and prospective customers. As the Kochar Declaration (**Exhibit "A"**) demonstrates, the briefing and exhibits include information regarding "the internal functionality, architecture, and design of BTCat and collectionHQ," including "proprietary algorithms, technical specifications, and product development methodologies." *See* Kochar Decl., ¶ 6. The briefing and its accompanying exhibits also contain confidential information regarding Defendants' relationships with past, current, and prospective customers. *See* Kochar Decl., ¶ 7. Baker & Taylor undertakes serious efforts to protect this information by limiting access to it on a need-to-know basis, binding vendors and third parties to nondisclosure agreements, and through technical safeguards. *See* Kochar Decl., ¶ 8. Because Baker & Taylor's efforts would be undermined by the public filing of this information, sealing is appropriate.

Disclosure of this information would provide competitors with an unwarranted competitive advantage, inflicting irreparable harm on Defendants by exposing their internal strategies, product architecture, and customer pipeline. As the Kochar Declaration explains, competitors would be given the key ingredients that make BTCat and collectionHQ valuable and could replicate and reverse-engineer these programs. *See* Kochar Dec., ¶ 9. Defendants' competitors would also have access to information on customer relationships and business

partners, giving them the ability to strategically exploit those relationships. *Id.* Courts in this Circuit have recognized precisely this type of harm as a sufficient basis for sealing.

The balance of interests likewise favors sealing. While the public has a generalized interest in the proceedings, it does not have a legitimate interest in proprietary technical details or confidential customer information. See *Davis v. GEICO Cas. Co.*, No. 2:19-cv-2475, 2021 U.S. Dist. LEXIS 164374, at *5 (S.D. Ohio Aug. 31, 2021) (observing that "Confidential Documents are not of great interest to the public"). Any public interest in the issues before the Court will remain fully preserved because Defendants seek to seal only those limited portions of the briefing and exhibits that contain sensitive business information. The requested redactions leave undisturbed all non-confidential information, ensuring transparency while safeguarding legitimate competitive interests.

Finally, Defendants' request is narrowly tailored. Defendants do not seek blanket sealing of the record but have identified only those pages and lines containing highly confidential or "Attorneys' Eyes Only" material. *See* Kochar Decl., ¶ 10. The proposed redactions are limited, precise, and no broader than necessary to protect the information at issue. *See* Kochar Decl., ¶ 11. This approach fully comports with Sixth Circuit precedent, which requires that sealing orders be narrowly drawn. *Shane Group*, 825 F.3d at 305.

To further substantiate this request, Defendants have submitted the accompanying Declaration of Baker & Taylor's CEO, Mr. Amandeep Kochar, which sets forth specific facts establishing the confidential and proprietary nature of the information at issue. The declaration details:

- The commercially sensitive character of the technical information contained in the Opposition Brief and exhibits, including descriptions of BTCat's and collectionHQ's functionality, architecture, and design, which include proprietary algorithms, technical specifications, and product development methodologies (Kochar Decl., ¶ 6);

- The competitive harm Defendants would face if these materials were publicly disclosed, including the risk that competitors could replicate, undermine the competitive advantages Baker & Taylor has built, or otherwise exploit Defendants' investments in product development and customer relationships (Kochar Decl., ¶ 9); and

- The tailored scope of redactions, demonstrating that Defendants seek only to protect truly sensitive information and have not requested overbroad sealing (Kochar Decl., ¶ 10).

This factual support distinguishes the present request from motions based on conclusory assertions, ensuring compliance with the Sixth Circuit's strict standards for sealing. *See Shane Group*, 825 F.3d at 305 (requiring "document-by-document, line-by-line" justification for sealing).

## II.    <u>CONCLUSION</u>

For these reasons, and based on the sworn declaration submitted herewith, Defendants respectfully request that the Court grant their Motion to Seal. The proposed redactions are narrowly tailored to protect highly sensitive, competitively valuable business information while preserving the public's access to all non-confidential aspects of the record. Accordingly, Defendants request that the Court enter an order placing under permanent seal the redacted portions of Defendants' Opposition Brief and supporting exhibits.

Respectfully submitted,

/s/ Derek P. Hartman
Derek P. Hartman (0087869), Trial Attorney
Michael C. Cohan (0013542)
Jose Mendez Valdez (0105056)
CAVITCH FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, Twentieth Floor
Cleveland, Ohio 44114
Telephone:     (216) 621-7860
Facsimile:     (216) 621-3415
Email:         mcohan@cavitch.com
               dhartman@cavitch.com
               jvaldez@cavitch.com

Attorneys for Defendants Baker & Taylor LLC and
Bridgeall Libraries, Ltd.

/s/ Frank E. Noyes, II    (admitted pro hac vice)
Frank E. Noyes, II (PA Bar No. 48366)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, Delaware 19801
Telephone:     302-351-0900
Facsimile:     302-351-0915
Email:         fnoyes@offitkurman.com

Attorneys for Defendants Baker & Taylor, LLC and
Bridgeall Libraries, Ltd.

## CERTIFICATE OF SERVICE

On October 3, 2025, this document was served via email on all counsel of record and

will be served through the Court's electronic docket system.

/s/ Derek P. Hartman
Derek P. Hartman (0087869), Trial Attorney
One of the Attorneys for Defendants Baker & Taylor,
LLC and Bridgeall Libraries, Ltd.