IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OCLC, INC. | ) | CASE NO. 2:25-CV-309 |
| | ) | |
| PLAINTIFF, | ) | JUDGE EDMUND A. SARGUS, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE ELIZABETH PRESTON |
| | ) | DEAVERS |
| BAKER & TAYLOR, LLC, ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF OCLC, INC.'S MOTION FOR AN ORDER PERMANENTLY SEALING PORTIONS OF THE RECENTLY FILED BRIEFS AND EXHIBITS**

Pursuant to Local Rule 5.2.1 and this Court's August 22, 2025 Order, ECF No. 60, OCLC, Inc. ("OCLC") moves for an order to permanently seal certain confidential information contained in recently filed briefs and supporting exhibits. This motion is supported by the concurrently filed Declaration of Barton Murphy ("Murphy Decl.") at Exhibit 1. The exhibits to Mr. Murphy's declaration propose redactions to information that is currently sealed. Accordingly, OCLC files the exhibits to Mr. Murphy's declaration under seal concurrently with this motion. OCLC plans to file public versions of the exhibits to Mr. Murphy's declaration with any redactions approved by the Court after this motion and Defendants' motion to permanently seal are decided by the Court.

OCLC specifically requests in this motion for leave to file under seal certain confidential information relating to its customer lists, confidential business strategies, finances, pricing, and other sensitive business information. As set forth below, good cause exists to seal these materials, and OCLC has proposed narrowly-tailored redactions.

Dated: October 3, 2025                      Respectfully submitted,

*/s/ Jeffrey M. Walker*
Jeffrey M. Walker (0096567)
Kathryn M. Brown (0100426)
Traci L. Maritnez (0083989)
Brittany Silverman (0102263)
Erin Hassett (0099970)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-2700
Facsimile: (614) 365-2499
jeffrey.walker@squirepb.com
kathryn.brown@squirepb.com
brittany.silverman@squirepb.com
erin.hassett@squirepb.com

**MEMORANDUM IN SUPPORT**

On March 26, 2025, OCLC moved for a preliminary injunction relating to Defendants' wrongful acquisition and use of WorldCat records in its BTCat database, and interference with OCLC's customer relationships (the "Motion"). Mot. for Preliminary Injunction, Dkt. 5. The Court will preside over a hearing on the Motion on October 6, 2025. Order, Dkt. 65. Many of the documents the parties exchanged in discovery and the information discussed in depositions reveal OCLC's confidential and sensitive business information. To protect that sensitive information, the parties moved to temporarily seal their filings related to OCLC's Motion and Defendant Bridgeall Libraries Limited's Motion to Dismiss, which the Court granted. Order, Dkt. 60. Now, OCLC seeks to permanently seal information in (1) OCLC's Response in Opposition to Bridgeall's Motion to Dismiss (Dkt. 61), (2) Defendants' Opposition to OCLC's Motion (Dkt. 62), and (3) OCLC's Reply in Support of its Motion (Dkt. 64). Some of these briefs and supporting exhibits contain information about OCLC's customer lists, business strategy, pricing information, and financial information, as well as other sensitive business information this Court has already sealed.

Notably, OCLC does not seek to seal all, or even most, of the briefing and supporting evidence. Rather, OCLC has narrowed its request to sensitive information, which are categories of information that this Court has recognized warrant an exception from the general public interest in access to judicial records.

**SUMMARY OF INFORMATION OCLC SEEKS TO FILE UNDER SEAL**

As described above, OCLC seeks to permanently seal five categories of information: (1) customer lists; (2) business strategy; (3) pricing information, (4) financial information, and (5) other sensitive business information the Court has already sealed.

Customer lists. This category includes OCLC's list of WorldCat customers that it has identified as at risk of leaving OCLC for BTCat and OCLC's list of identified lost prospective

WorldCat customers. Portions of the exhibits found at Dkts. 64-31 and 64-34, as well as some discrete portions of OCLC's Opposition to Defendant Bridgeall Libraries Limited's Rule 12(b)(2) motion and OCLC's Reply in support of its Motion for Preliminary Injunction contain information in this category. The entirety of the exhibits found at Dkts. 61-28 and 64-36 consist of OCLC's lost prospective customers list.

Business Strategy. This category includes two types of information about OCLC's business strategies—OCLC's strategies to retain customers and resolve specific business disputes and OCLC's strategies for staying competitive against Defendants. Portions of the exhibits found at Dkts. 64-28 and 62-9 include information about OCLC's strategies to retain customers, and portions of the exhibits found at Dkts. 62-4, 62-12, 62-13, 62-15, and 64-22 contain information about OCLC's competitive strategies. The exhibit found at Dkt. 64-26 also contains log-in information for an OCLC customer, which is also competitively sensitive.

Pricing Information. This category includes OCLC's specific pricing for some of OCLC's products and services, including WorldCat subscriptions. Portions of the exhibits found at 62-14, 64-5, 64-6, 64-22, 64-31, 64-33, and 64-32 contain such information. These exhibits include emails, invoices, and customer lists.

Financial Information. This category includes statistics about OCLC's yearly revenue. Portions of Defendants' Opposition to OCLC's Motion contain these revenue statistics, which are not publicly available.

Other Sensitive Business Information. This category includes information about other sensitive business matters that this Court has already sealed. *See* June 9, 2025 Order, Dkt. 39; Mot. to Seal, Dkt. 23; *see also* Apr. 9, 2025 Tr., Dkt. 42. Excerpts of Dkts. 62-9 and 64-22 contain this information.

OCLC treats these categories of information as highly confidential. Further, the information OCLC seeks to seal is sensitive business information that would put OCLC at a competitive disadvantage if it were publicly released. Murphy Decl. ¶¶ 5–9. OCLC will also file a public version of any permanently sealed document with narrow redactions that redact only this confidential information. OCLC's proposed redactions are attached to Mr. Murphy's declaration. OCLC therefore respectfully requests that the Court grant leave to seal the above information.

## LAW AND ARGUMENT

There is a "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). A party requesting to seal a public record has the burden of showing: (1) "a compelling interest in sealing the records"; (2) "that the interest in sealing outweighs the public's interest in accessing the records"; and (3) "that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). For the reasons set forth below, OCLC's requests meet this standard.

**A.      The Information OCLC Seeks to File Under Seal is OCLC's Confidential And Proprietary Business Information.**

The information that OCLC requests be kept under seal is all sensitive business and financial information. Specifically, OCLC seeks to seal documents that contain: (1) customer lists, (2) business strategies, (3) pricing information, (4) financial information, specifically, OCLC's revenue figures, and (5) other sensitive business information the Court has already sealed. These materials are confidential, and disclosure would harm OCLC's business standing and provide others the opportunity to unfairly compete. *Id.*

Courts have recognized compelling interests to seal these types of documents. Courts in this circuit regularly recognize the commercially sensitive nature of customer lists and treat

confidential customer lists as protected trade secrets. *E.g.*, *Best Value Auto Parts Distribs., Inc. v. Quality Collision Parts, Inc.*, No. 19-12291, 2020 WL 6887362, at *2 (E.D. Mich. Nov. 24, 2020); *Avomeen Holdings, LLC v. Thanedar*, No. 17-cv-13703, 2018 WL 8806093, at *1 (E.D. Mich. Dec. 19, 2018). Here, OCLC points to a list of at-risk WorldCat customers and lost prospective WorldCat customers. This information is confidential, and if the information were publicly available, it would point a competitor toward potential libraries for soliciting away from OCLC.

Next, with respect to business plans and strategies, this Court has "recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,* No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, No. 10-CV-14360, 2018 WL 1811471, at *9 (E.D. Mich. Apr. 17, 2018) (recognizing a compelling interest in sealing business and competitive strategies); *Novus Grp., LLC v. Prudential Fin. Inc.*, No. 2:19-cv-208, 2022 WL 2236982, at *2 (finding that the existence of sensitive business and financial information is a compelling reason in support of non-disclosure). Here, the disclosure of OCLC's confidential business plans and strategies would cause OCLC commercial and competitive harm. If publicly disclosed, OCLC's competitors could use OCLC's confidential strategic information to unfairly compete with OCLC, could rely on OCLC's confidential customer relations strategies to gain a competitive advantage in the marketplace, and could otherwise use the information to unfairly compete with OCLC. The same goes for the WorldCat log-in information for a customer, which would allow competitors to log into WorldCat and view the product firsthand.

OCLC's confidential pricing and financial information is also sensitive business information that OCLC has a compelling interest in. OCLC's product and service pricing and

4

revenue figures would grant competitors an inside look into OCLC's business strategies, and so courts will seal this information. *E.g.*, *Sheetz, Inc. v. City of Centerville*, No. 3:24-cv-00059, 2025 WL 1413727, at *2 (S.D. Ohio May 15, 2025) (collecting and discussing authorities regarding pricing); *Bush Truck Leasing, Inc. v. All Ways Auto Transp., LLC*, No. 1:20-cv-511, 2025 WL 388708, at *3 (S.D. Ohio Feb. 4, 2025) (granting motion to seal revenues and other financial information); *Kondash v. Kia Motors Am., Inc.*, No. 1:15-cv-506, 2018 WL 770418, at *3 (S.D. Ohio Feb. 7, 2018) ("Because the dollar figures [of revenue] depicted are not publicly known, and are instead the prices that dealerships pay Kia, these documents shall remain sealed."). The pricing and financial performance information OCLC asks to seal are not publicly available and reveal, among other things, OCLC's operational strengths, weaknesses, and strategic priorities. If a competitor learned of this information, it could directly undercut OCLC's pricing and marketing efforts with customers and otherwise use it to seek to gain an advantage over OCLC in the marketplace.

Finally, this Court has already sealed certain documents containing information about other sensitive business matters that this Court has already sealed. *See* June 9, 2025 Order, Dkt. 39. The same rationale applies to discussions in deposition transcripts of those same topics.

At bottom, all of the information that OCLC seeks to seal is confidential business and financial information that, if made public, would put OCLC at a competitive disadvantage. Therefore, the information may be appropriately sealed.

B. **OCLC's Request is Narrowly Tailored and, Therefore, OCLC's Interest in Sealing the Materials Outweighs the Public's Interest in Accessing Court Records.**

OCLC has proposed redactions to the briefing and supporting evidence that is narrowly redacted and that ensures that non-confidential information remains publicly available. For all the information OCLC seeks to seal, it asks to seal only the specific details that are competitively

5

sensitive (e.g., exact revenue numbers and codes for data fields). Only in two instances, Dkts. 61-28 and 64-36, does OCLC seek to seal an entire exhibit. OCLC does not seek to seal the more generalized discussions of this information. OCLC has attached to Mr. Murphy's declaration its proposed redactions of documents. OCLC's proposed redactions will be limited and will not obscure "the conduct giving rise to the case," "the merits of judicial decisions," or "the evidence and records" considered by the court. *See Shane Grp.*, 825 F.3d at 305.

In sum, OCLC's request is narrowly tailored and should be granted. *See London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *3–4 (S.D. Ohio Aug. 29, 2019) (granting motions to seal, noting that, importantly, the parties do not "seek to shield [documents] from the public eye – entirely," seeking instead "to file redacted versions" on the public record). The public interest in the narrow information OCLC requests to seal is minimal and is outweighed by the countervailing compelling interests favoring non-disclosure.

## CONCLUSION

For these reasons, OCLC's motion to permanently seal portions of the recently filed briefing and supporting exhibits should be granted.

Respectfully submitted,

*/s/ Jeffrey M. Walker*
Jeffrey M. Walker (0096567)
Kathryn M. Brown (0100426)
Traci L. Maritnez (0083989)
Brittany Silverman (0102263)
Erin Hassett (0099970)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-2700
Facsimile: (614) 365-2499
jeffrey.walker@squirepb.com

kathryn.brown@squirepb.com
brittany.silverman@squirepb.com
erin.hassett@squirepb.com

## CERTIFICATE OF SERVICE

On October 3, 2025, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Jeffrey M. Walker*
One of the Attorneys for Plaintiff OCLC
