# EXHIBITS 1

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **OCLC, Inc.,** | Case No. 2:25-cv-309 |
| **Plaintiff,** | Judge Edmund A. Sargus, Jr. |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| **Baker & Taylor, LLC and Bridgeall Libraries, Ltd.,** | |
| **Defendants.** | |

## DECLARATION OF BARTON MURPHY

Bart Murphy declares the following pursuant to 28 U.S.C. § 1746:

1. My name is Barton Murphy. I am a resident of Ohio.

2. I am the Chief Technology and Information Officer at OCLC, Inc. ("OCLC"), a position I have held since 2018. Prior to joining OCLC, I was the chief technology officer for several other companies.

3. I received a bachelor's degree in biomedical engineering, with a minor in math, from the University of Pennsylvania.

4. I submit this declaration in support of OCLC's motion to permanently seal certain portions of recently filed briefing and supporting exhibits. I am familiar with the facts set forth herein based on my work history and experience at OCLC, as well as my review of relevant OCLC records and publicly available information. On that basis, I believe the facts set forth herein to be true and correct.

5. OCLC seeks to seal several categories of sensitive information about OCLC's customer lists, business strategies, pricing information, and financial information that would put OCLC at a competitive disadvantage if it were publicly released.

6. The first category is customer lists. This includes lists of lost prospective WorldCat customers, lists of at-risk WorldCat customers, and testimony as to the same. Documents that contain this information include the entirety of Dkts. 61-28 and 64-36 and portions of Dkts. 64-31 and 64-34, as well as the briefing at Dkts. 61 and 64. This information is confidential and sensitive business information. In the hands of a competitor, such information could be used to develop future strategies to target OCLC customers. OCLC would be competitively harmed if this information were released.

7. Attached as Exhibits A–F are proposed redactions of this category of information for Dkts. 61, 61-28, 64, 64-31, 64-34, and 64-36, respectively.

8. The second category of information is OCLC's business strategies, including customer relations strategies and competitive strategies regarding Defendants' BTCat. This information includes documents, communications, and testimony reflecting OCLC's efforts to retain current customers, enforcement efforts against customers that have violated their contracts with OCLC, strategic considerations of modifying OCLC's contracts, and strategic responses to customers related to BTCat. Documents that contain this information include Dkts. 62-4, 62-9, 62-12, 62-13, 62-15, 64-22, and 64-28. The exhibit found at Dkt. 64-26 also contains log-in information for an OCLC customer. This information is not publicly available and is competitively sensitive, as competitors could use this information when developing their sales and marketing strategies to undercut OCLC's pricing and other customer terms, amending their own agreements,

and soliciting OCLC customers. This information is confidential and sensitive business information. OCLC would be competitively harmed if this information were released.

9. Attached as Exhibits G–N are proposed redactions of this category of information for Dkts. 62-4, 62-9, 62-12, 62-13, 62-15, 64-22, 64-26, and 64-28, respectively.

10. The third category is OCLC's pricing information for specific products and services, including WorldCat. This information includes emails discussing pricing, customer lists with specific subscription costs listed, and invoices. Documents that contain this information include Dkts. 62-14, 64-5, 64-6, 64-22, 64-31, 64-32, and 64-33. This information is confidential and sensitive business information that is not shared publicly. OCLC would be competitively harmed if this information were released publicly as it would provide a window for OCLC's competitors into OCLC's prices and pricing strategies and competitors could use this information to their competitive advantage when competing with OCLC for current and future customers.

11. Attached as Exhibits O–S are proposed redactions of this category of information for Dkts. 62-14, 64-5, 64-6, 64-32, and 64-33, respectively.

12. The fourth category of documents includes OCLC's financial information, including revenue. This includes portions of the Dkts. 62. This information is confidential and sensitive business information. OCLC would be competitively harmed if this information were released. This non-public information reveals OCLC's operational strengths, weaknesses, and strategic priorities. If a competitor learned of this information, it could directly undercut OCLC's pricing and marketing efforts with customers and otherwise use it to seek to gain an advantage over OCLC in the marketplace.

13. Exhibit T contains proposed redactions for Dkt. 62.

3

14. OCLC also seeks to permanently seal portions of Dkts. 62-9 and 64-22, which also contain sensitive-confidential business information that this Court has already sealed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Barton Murphy

# EXHIBITS A-T

# FILED UNDER SEAL