IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OCLC, INC. | ) | CASE NO. 2:25-CV-309 |
| | ) | |
| PLAINTIFF, | ) | JUDGE EDMUND A. SARGUS, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE ELIZABETH PRESTON |
| | ) | DEAVERS |
| BAKER & TAYLOR, LLC, ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION REQUESTING THE COURT SET A SCHEDULING CONFERENCE AND EXPEDITED BRIEFING SCHEDULE**

---

Defendants Baker & Taylor, LLC ("*Baker & Taylor*") and Bridgeall Libraries Ltd. ("*Bridgeall*") respectfully submit this Brief in Opposition to Plaintiff OCLC, Inc.'s ("*OCLC*") Motion requesting the Court set a scheduling conference and expedited briefing schedule (the "*Motion*"). For the reasons set forth in the accompanying Brief in Opposition, incorporated herein by reference, the Motion, as it relates to the Scheduling Conference, should be denied.[1]

---

[1] The Court already ordered Defendants to respond to the Motion within about 48 hours as OCLC requested, which the Defendants are doing with this Brief.

Respectfully submitted,

| | |
|---|---|
| /s/ *Derek P. Hartman* | /s/ *Frank E. Noyes, II  (admitted pro hac vice)* |
| Derek P. Hartman (0087869), Trial Attorney | Frank E. Noyes, II (PA Bar No. 48366) |
| Michael C. Cohan (0013542) | OFFIT KURMAN, P.A. |
| Jose Mendez Valdez (0105056) | 222 Delaware Avenue, Suite 1105 |
| CAVITCH FAMILO & DURKIN CO., L.P.A. | Wilmington, Delaware 19801 |
| 1300 East Ninth Street, Twentieth Floor | Telephone: 302-351-0900 |
| Cleveland, Ohio 44114 | Facsimile: 302-351-0915 |
| Telephone: (216) 621-7860 | Email: fnoyes@offitkurman.com |
| Facsimile: (216) 621-3415 | |
| Email: mcohan@cavitch.com | *Attorneys for Defendant Baker & Taylor, LLC* |
|       dhartman@cavitch.com | |
|       jvaldez@cavitch.com | |

*Attorneys for Defendant Baker & Taylor, LLC*

**MEMORANDUM IN OPPOSITION**

OCLC's request for a scheduling conference is premature because scheduling issues are not yet ripe. OCLC's desire to move this case on a fast track is not warranted because 1) OCLC prevented the completion of an audit into BTCat, the sole reason why the stay was in place; 2) OCLC's sense of urgency is misguided because it has protections in place through the Stipulated Preliminary Injunction; and 3) Baker & Taylor's well-known financial difficulties and pending motions to dismiss weigh against OCLC's proposed expedited schedule.

1. **OCLC's Proposed Audit Went Beyond the Scope of the Stipulated Preliminary Injunction, and OCLC Unilaterally Declared an Impasse.**

OCLC's Motion overlooks the fact that the stay the parties agreed to was for purposes of accommodating OCLC's request for a third-party review of BTCat.  As described herein, after proposing the idea of a third-party review, OCLC abruptly and unreasonably declared discussions about it to be at an impasse, even though Defendants were willing to agree to an audit that aligned with the language of the stipulation.  Rather than adhere to the scope outlined in the stipulation, OCLC chose to let the stay expire. Extending the stay to require the parties to comply with the stipulation would cause no prejudice to OCLC because a Stipulated Preliminary Injunction has been entered, and because OCLC has obtained extensive discovery already.[2]

---

[2] In addition to the thousands of pages of records produced by the Defendants, Baker & Taylor previously conducted a search of OCLC identifiers over the entire BTCat database, and provided the results to OCLC. The Stipulated Preliminary Injunction contemplated a similar process.

3

Pursuant to the Stipulated Preliminary Injunction entered by this Court on October 3, 2025 (Dkt. 81), Defendants agreed to allow an independent third-party to have limited access to certain BTCat records and data. The purpose of this access was explicitly limited and *not* intended to enable OCLC to conduct a fishing expedition into Defendants' confidential business information.[3] The scope of this access is described in its entirety in the Stipulated Preliminary Injunction as follows:

> After entry of this stipulated preliminary injunction, Defendants agree to give a mutually agreeable third-party auditor access to BTCat *in order to evaluate BTCat and its records and data for the presence of records that OCLC contends it is entitled to restrict*, working with B&T personnel who will implement searches requested by the Auditor. *The parties shall meet and confer in good faith* to agree to the specific terms and parameters of the audit, within seven days of the entry of this Stipulation by the Court. OCLC will pay for the work completed by the third-party auditor.

(*Id.* at #2046–47) (emphasis added). For convenience, the parties referred to this access as an "audit" and to the independent third party as an "auditor."  The details of the access to detect "the presence of records" were left to the parties to work out. The parties also agreed to a thirty-day stay so that the process could be conducted.

The Defendants promptly proposed names of potential independent third parties to conduct the review. At the parties' meet and confer conference on October 10, 2025, however, it became clear that OCLC was seeking something far broader and more intrusive than access

---

[3] Throughout this litigation, Defendants have contended, with good reason, that one objective of this litigation was for OCLC to squash a competitive product (because it is less expensive than WorldCat) and squash a smaller competitor, all to maintain its monopolistic position in the marketplace.

4

to identify records with OCLC identifiers.[4] Defendants were prepared to proceed with the review even though OCLC has never been able to adequately articulate what records it purports to own.[5]

The written "proposed scope" of the review that OCLC subsequently demanded listed ten (10) separate categories and thirty-nine (39) specific areas of inquiry concerning all aspects of Baker & Taylor's core trade secrets *before* it even mentioned searching for the presence of OCLC records or identifiers – the stated purpose of the audit. Defendants rejected the unreasonably intrusive aspects of the proposal but indicated a willingness to discuss those topics that actually related to the "presence of records" in BTCat. Upon receipt of the Defendants' red-line version of its extensive list of topics, OCLC declared an impasse, abandoned the audit, and instead indicated that they would seek to open merits discovery without delay to get what they wanted.  OCLC refused to consider Defendants' input on the audit, and because of this choice, the stay expired. OCLC now demands that merit discovery begin for it to receive information it could have uncovered if it had simply continued negotiations with the Defendants. OCLC should not be permitted to ignore the language of the Stipulated Preliminary Injunction as it pleases.

---

[4] Part of OCLC's theory in this case is the proposition that the presence of any code or piece of data inserted in a MARC record by OCLC gives it the contractual right to restrict access and use of the record, as if the entire record was created and owned by OCLC – a premise that is challenged in the pending Motions to Dismiss.

[5] MARC records, a standard in the industry, are constantly evolving and changing, oftentimes every time they are touched by a library or cataloger.  Various parties are involved in creating and modifying the MARC records that make their way into WorldCat prior to OCLC stamping it with its identifiers.

## 2. OCLC's Sense of Urgency is Misguided and a Red Herring.

OCLC has asserted that this case has been pending since March, and it needs to move it along expeditiously. But this urgency is misguided and non-existent. Upon filing the Complaint and Motion for Preliminary Injunction, OCLC asked for, and was granted, about six (6) months of extensive discovery before scheduling a hearing on its Motion. OCLC set this schedule, and the case has moved along expeditiously for months. OCLC now feigns urgency to pursue the rest of the litigation on an expedited basis. But the Stipulated Preliminary Injunction eliminated any purported urgency. The Stipulated Preliminary Injunction continues until the trial or some other event that may impact it. It alleviates any alleged damage that OCLC claims it has suffered.

## 3. Baker & Taylor's Public Financial Difficulties and Pending Motions Weigh Against Granting the Motion.

As OCLC and this Court are aware, and as has been publicly reported, Baker & Taylor is experiencing significant financial difficulties. While the specifics of those difficulties are confidential, the Court may choose to consider that circumstance in evaluating scheduling matters. It appears that one purpose of the OCLC Motion is to capitalize on those financial difficulties. OCLC has undoubtedly already prepared a voluminous and burdensome set of written discovery that it intends to serve on the Defendants within minutes of being permitted to do so. OCLC contends that the Court is required to set a scheduling conference "as soon as practicable." Under the circumstances, as soon as practicable may not mean immediate. Rather, a status conference to discuss the future of the case may be more appropriate as Baker & Taylor's future remains in the balance.

Further, as noted in the recent Joint Statement filed by the parties, Defendants are in the process of preparing a motion for an extension of the stay. Baker & Taylor has been busy with efforts to survive, protect hundreds of jobs, fulfill its commitments, and other weighty matters. OCLC's alleged damage and urgency pale in comparison to what is going on with Baker & Taylor. The fact that OCLC purposely let the stay expire without accomplishing its purpose dictates against granting OCLC the request it now makes.

OCLC cites two cases addressing considerations regarding requests for a stay for the general proposition that while the court has discretion over its schedule, motions to dismiss by themselves are not normally sufficient to justify stay of discovery. *EC New Vision Ohio, LLC v. Genoa Township*, No. 2:23-cv-691, 2023 WL 4491768, at *1 (S.D. Ohio July 12, 2023), and *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-cv-2138, 2022 WL 167523, at *2 (S.D. Ohio Jan. 19, 2022). However, the circumstances of this case are far different than what those cases addressed, and for that matter, far different than OCLC acknowledges in its Memorandum. The stay being requested would merely extend the stay *that the parties agreed to* and that was for the specific reason of accommodating an independent audit that OCLC requested. Further, the stay set forth in the Stipulated Preliminary Injunction is different from the cited cases because it does not impact the commencement of discovery - OCLC has already obtained extensive discovery.

Additionally, the preliminary schedule set by the court provided that OCLC's preliminary injunction motion and Defendants' Motions to Dismiss would be handled concurrently. The Preliminary Injunction was resolved by stipulation on October 2, 2025.

The Motions to Dismiss, which were fully briefed as of July 1, 2025, remain pending. The parties are awaiting a decision or the scheduling of a hearing on those motions, if the Court feels such a hearing would be helpful.

All of these factors weigh against setting the case schedule now. Denying the OCLC Motion in order to consider how this case should proceed will not prejudice OCLC, and it is the most appropriate course of action under the circumstances.

Respectfully submitted,

/s/ *Derek P. Hartman*
Derek P. Hartman (0087869), Trial Attorney
Michael C. Cohan (0013542)
Jose Mendez Valdez (0105056)
CAVITCH FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, Twentieth Floor
Cleveland, Ohio 44114
Telephone: (216) 621-7860
Facsimile: (216) 621-3415
Email: mcohan@cavitch.com
dhartman@cavitch.com
jvaldez@cavitch.com

*Attorneys for Defendant Baker & Taylor, LLC*

/s/ *Frank E. Noyes, II (admitted pro hac vice)*
Frank E. Noyes, II (PA Bar No. 48366)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, Delaware 19801
Telephone: 302-351-0900
Facsimile: 302-351-0915
Email: fnoyes@offitkurman.com

*Attorneys for Defendant Baker & Taylor, LLC*

## CERTIFICATE OF SERVICE

On November 6, 2025, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

/s/ *Derek P. Hartman*
One of the Attorneys for Defendants.