IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OCLC, INC. | ) | CASE NO. 2:25-CV-309 |
| | ) | |
| PLAINTIFF, | ) | JUDGE EDMUND A. SARGUS, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE ELIZABETH PRESTON |
| | ) | DEAVERS |
| BAKER & TAYLOR, LLC, ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**PLAINTIFF OCLC, INC.'S REPLY IN SUPPORT OF MOTION REQUESTING THE COURT SET A SCHEDULING CONFERENCE**

Defendants Baker & Taylor, LLC's and Bridgeall Libraries Limited's opposition fails to respond to OCLC's reasonable request that—now there is no stay in this case or other pending deadlines—the Court set a scheduling conference, the next step in any federal litigation similarly positioned. Defendants refuse to confer on routine scheduling matters and assert that OCLC's desire to move this case along in any manner is proceeding on an expedited basis. Defendants' opposition and ad hominem attacks underscore OCLC's unfortunate need to move this Court for a scheduling conference, as Defendants provide no responsive reason for their failure to cooperate in moving this case forward (or to timely move the Court to extend its prior stay), other than Defendants' preference not to do so. This flouts the Federal Rules of Civil Procedure and this Court's normal practices and is designed to stymie OCLC's expected efforts to pursue this litigation.

None of Defendants' arguments explain or support its opposition to the Court simply setting a scheduling conference, but OCLC responds to each in turn.

***First***, OCLC fully complied with the Court-ordered stipulated preliminary injunction. As stated in the preliminary injunction, Defendants agreed to give an auditor access to BTCat and its records, and the parties agreed to attempt to identify mutually agreeable terms and parameters of the audit. To that end, the stipulation required only that the parties attempt in good faith to agree on the scope of the audit—it did not require that the audit go forward absent agreement:

> After entry of this stipulated preliminary injunction, Defendants agree to give a mutually agreeable third-party auditor access to BTCat in order to evaluate BTCat and its records and data for the presence of records that OCLC contends it is entitled to restrict, working with B&T personnel who will implement searches requested by the Auditor. The parties shall meet and confer in good faith to agree to the specific terms and parameters of the audit, within seven days of the entry of this Stipulation by the Court. OCLC will pay for the work completed by the third-party auditor.

Order, Dkt. 81 at #2046–47. Therefore, the parties requested only a 30-day stay, in the event that agreement on the audit was not reached, which this Court granted. *Id.* at #2043.

The parties met and conferred on October 10, 2025, and exchanged emails concerning the audit. OCLC also provided a draft proposed outline of the audit on October 14, 2025. However, eight minutes before the second scheduled meet-and-confer on October 15, 2025, Defendants unilaterally canceled the meeting, stating that unless OCLC acquiesced to Defendants' significantly more limited proposed scope, Defendants would not even discuss OCLC's proposal. OCLC met its obligation to try to meet and confer in good faith, which is the extent of what the stipulation requires. OCLC's refusal to capitulate to Defendants' view of the case is not a lack of good faith under the stipulation.

Now, Defendants disregard the straightforward text of the stipulation and attempt to insert an obligation that OCLC submit to (and pay for) an audit that is not mutually agreed upon. This is not what the Court's order requires or what the parties agreed to. This is only Defendants' latest attempt to impose its view of the case upon OCLC and delay this litigation. *See, e.g.*, Order &

Mem., Dkt. 38 at #324 (agreeing that "Defendant's [discovery] objection is not based on relevance—it is 'improperly injecting the merits into this discovery dispute.'").

***Second***, the prior limited preliminary injunction proceedings and the stipulated preliminary injunction do not mean that this case cannot and should not proceed on the merits. Again, OCLC is not seeking to push this case forward on an expedited basis; it asks that the Court to set a scheduling conference so that the case can proceed at all.[1] Defendants provide no authority for their novel contention that a preliminary injunction effectively stays the merits of the litigation because a plaintiff has received some preliminary, incomplete relief.

Further, the parties have not engaged in extensive discovery. OCLC moved for narrow expedited discovery (Mot. Expedited Disco., Dkt. 13 at #156–57), which the Court granted (Order, Dkt. 27 at # 257; Order & Mem., Dkt. 38). OCLC's discovery requests were narrow, many seeking only "documents sufficient to show," as opposed to all documents. This Court is also well aware of Defendants' reluctance to conduct discovery in a timely and fair manner, which led to a document dump of more than 99% of their total documents produced after the expedited discovery cutoff. OCLC Reply, Dkt. 92-3 at # 3817. OCLC then discovered large holes in Defendants' production, including missing copies of Defendants' contracts with customers, presentations, and technical documents about BTCat. To avoid further delay in preparation for depositions and the preliminary injunction hearing, OCLC agreed, for the purposes of only limited, expedited discovery, to allow Defendants to produce exemplar contracts and summaries of which libraries had agreed to which contracts—summaries that were riddled with inaccuracies and errors. As this

---

[1] Although OCLC requested expedited briefing on this motion so that Defendants will not receive the benefit of a stay that they did not timely move for, OCLC is not seeking an expedited case schedule. Defendants never responded to the dates OCLC proposed in its draft Rule 26(f) report, and Defendants' opposition only addresses the setting of a scheduling conference and the entry of any case schedule at all.

3

example shows, discovery is far from complete, and Defendants provide no legal basis justifying delaying further merits-based litigation, including discovery.

***Third***, neither Defendants' financial status nor pending motions to dismiss mean this Court should not set a scheduling conference to enter a case schedule and discuss some of these very matters. If Defendants seek to avoid their obligation to defend in this lawsuit based on their financial status or pending motions, Defendants must avail themselves of the proper procedural, statutory, or other legal mechanisms and meet those corresponding burdens. Defendants have not done so, and in any case, their opposition is not the proper place to do so.

Noticeably absent from Defendants' opposition is any caselaw supporting the notion that a party's financial condition is sufficient to informally or formally stay civil litigation. If Defendants sought to stay this litigation without any interruption, then Defendants should have moved more judiciously to extend the stay. Defendants' failure to account for the expiration of the 30-day stay cannot be attributed to OCLC, particularly given that the parties agreed they were at an impasse on the terms and parameters of the third-party audit on October 15, 2025, and OCLC informed Defendants then that it planned to move forward with the litigation on the expiration of the stay.

Defendants also claim that the preliminary injunction schedule provided that the motions to dismiss would be handled alongside the preliminary injunction motion. The schedule belies this assertion (Order, Dkt. 27), as does the fact that Defendants provide no record citation.

The stay previously entered by the Court expired on Monday, November 3, 2025. Defendants did not file a motion to extend the stay before it expired, nor have they filed a motion to seek another stay since. Instead, Defendants have refused to confer with OCLC about the case schedule, and they now oppose OCLC's request for the Court to set a Rule 16 scheduling conference so that the parties can move forward with this case. OCLC respectfully requests that

4

the Court proceed with the normal course of litigation by setting a Rule 16 scheduling conference for the week of December 1, 2025, and thereby require the parties to confer and submit a Rule 26(f) report in advance of that conference.

        Respectfully submitted,

        */s/ Jeffrey M. Walker*
        Jeffrey M. Walker (0096567), Trial Attorney
        Traci L. Martinez (0083989)
        Kathryn M. Brown (0100426)
        Brittany Silverman (0102263)
        Erin K. Hassett (0099970)
        SQUIRE PATTON BOGGS (US) LLP
        2000 Huntington Center
        41 South High Street
        Columbus, Ohio 43215
        Telephone: (614) 365-2700
        Facsimile: (614) 365-2499
        jeffrey.walker@squirepb.com
        traci.martinez@squirepb.com
        kathryn.brown@squirepb.com
        brittany.silverman@squirepb.com
        erin.hassett@squirepb.com

        *Attorneys for Plaintiff OCLC, Inc.*

## CERTIFICATE OF SERVICE

On November 7, 2025, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Jeffrey M. Walker*
One of the Attorneys for Plaintiff OCLC, Inc.
