IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OCLC, INC.,**

    **Plaintiff,**

                              Case No. 2:25-cv-0309
                              Judge Edmund A. Sargus, Jr.
    v.                           Magistrate Judge Elizabeth P. Deavers

**BAKER & TAYLOR, LLC,** *et al.***,**

    **Defendants.**

# ORDER

This matter is before the Court on Defendants' Unopposed Amended Motion to Seal. (Mot., ECF No. 91.) Defendants seek leave to redact and file certain portions of and exhibits to their brief in opposition to Plaintiff's Motion for a Preliminary Injunction under permanent seal. (*Id.* at PageID 3776.) Defendants further argue that certain portions of Plaintiff's briefing be permanently sealed and/or redacted. (*Id.* at PageID 3776–77.) Defendants contend that permanent sealing and redaction are warranted because these filings contain sensitive business information and trade secrets. (*Id.*)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit has described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the

"strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *Id.* at 940 (quoting *Shane Grp.*, 825 F.3d at 305).

To overcome the presumption of access, the moving party "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). If the moving party can demonstrate a compelling interest, "the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly

tailored to serve that reason" by analyzing "'in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citing *Shane Group*, 825 F.3d at 305; *Baxter Int'l, Inc. v. Abbott Lab.*, 297 F.3d 544, 548 (7th Cir. 2002)). "Ultimately, the movant must show that 'disclosure will work a clearly defined and serious injury. . . . And in delineating the injury to be prevented, specificity is essential.'" *Wilson v. Ancestry.com LLC*, No. 2:22-CV-861, 2024 WL 620936, at *1 (S.D. Ohio Feb. 14, 2024) (citing *Shane Group*, 825 F.3d at 307–08 (internal citations and quotations omitted)).

The Court finds that Defendants have met their burden to overcome the presumption of access. First, Defendants argue that they have a compelling interest in permanently sealing portions of the parties' briefing because these portions include

> (1) proprietary material dealing with the functionality, design, and implementation of Defendants' flagship products (BTCat and collectionHQ); (2) information concerning Defendants' relationship with past, current, and prospective customers; and (3) the outcome of contract negotiations between Defendants and their customers regarding certain provisions.

(Mot. at PageID 3781.) Second, Defendants contend that "[d]isclosure of this information would provide competitors with an unwarranted competitive advantage, inflicting irreparable harm on Defendants by exposing their internal strategies, product architecture, and customer pipeline." (*Id.*) Third, Defendants assert that the public does not have a "legitimate interest in proprietary technical details or confidential customer information." (*Id.* at PageID 3782.) Fourth, and finally, Defendants argue that their request is narrowly tailored because they only seek to redact the pages and lines containing sensitive business information. (*Id.* at PageID 3782–83.)

After review of the information to be filed under seal and redacted, the Court concludes that this information is nonpublic and confidential, and if disclosed, would risk competitive injury, protecting such information outweighs the public's interest in disclosure of this

3

information, and the proposed redactions are narrowly tailored and no broader than necessary to protect the information at issue. *Shane Grp., Inc.*, 825 F.3d at 305–06; *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474, 477; *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 939 (citations and internal quotation marks omitted). Accordingly, Defendants' Motion (ECF No. 91) is **GRANTED**.[1]

    **IT IS SO ORDERED.**

Date: November 20, 2025

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

---

[1] ECF No. 82 is **DENIED as moot**.