IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OCLC, Inc.,**

      **Plaintiff,**

    v.

**Baker & Taylor, LLC and**
**Bridgeall Libraries Ltd.,**

      **Defendants.**

Civil Action 2:25-cv-309
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston Deavers

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on December 16, 2025, and was attended by:

Jeffrey Walker, counsel for plaintiff(s) OCLC, Inc.,

Brittany Silverman, counsel for plaintiff(s) OCLC, Inc.,

Frank Noyes, counsel for defendant(s) Baker & Taylor, LLC and Bridgeall Libraries Ltd.,

Derek Hartman, counsel for defendant(s) Baker & Taylor, LLC and Bridgeall Libraries Ltd.,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.    CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

    ____Yes    X__ No

2.    INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

   X___Yes    ____No    ____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by 1/20/2026 .

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

\_\_\_\_\_Yes      X\_\_\_No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4. <u>PARTIES AND PLEADINGS</u>

    a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by\_\_\_\_3/1/2026_____.

    b. If the case is a class action, the parties agree that the motion for class certification shall be filed by_____.

5. <u>MOTIONS</u>

    a. Are there any pending motion(s)?

       X\_\_\_Yes      \_\_\_\_\_No

       If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:  Defendants' motions to dismiss for failure to state a claim (Dkts. 34, 35).

    b. Are the parties requesting expedited briefing on the pending motion(s)?

       \_\_\_\_\_Yes      X\_\_\_No

       If yes, identify the proposed expedited schedule:

       Opposition to be filed by_____; Reply brief to be filed by_____.

6. <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiff OCLC, Inc. has brought tortious interference, breach of contract, and unjust enrichment claims against Defendants. OCLC alleges that Defendants have improperly obtained OCLC's WorldCat records and data for use in Defendants' competing product/service, BTCat. Plaintiff alleges that Defendants are thereby able to offer BTCat for less, resulting in lost customers, revenue, good will, injury to OCLC's products and services that are dependent on WorldCat, etc.

OCLC included a jury demand in its complaint.

After preliminary discovery and full briefing on plaintiff's preliminary injunction motion, the parties stipulated to a preliminary injunction that remains in place.  As noted above, Defendants filed motions to dismiss (Dkts. 34, 35) that have not been decided.  As a result, Defendants have not yet filed Answers to the Complaint with Affirmative Defenses.

7. DISCOVERY PROCEDURES

   a. The parties agree that all discovery shall be completed <u>by 5/29/2026</u>.  The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

   b. Do the parties anticipate the production of ESI? <u>X   </u>Yes<u>        </u>No

   If yes, describe the protocol for such production: The Court entered a Stipulated Order Regarding Discovery of Electronically Stored Information on July 7, 2025. See Dkt. 50.

   c. Do the parties intend to seek a protective order or clawback agreement? Yes.

   If yes, such order or agreement shall be produced to the Court by <u>N/A. A protective order was entered by the Court on April 15, 2025. See Dkt. 22</u>.

8. DISPOSITIVE MOTIONS

   a. Any dispositive motions shall be filed by <u>7/31/2026</u>.

   b. Are the parties requesting expedited briefing on dispositive motions?

      <u>     </u>Yes     <u>X   </u>No

   If yes, identify the proposed expedited schedule:

   Opposition to be filed by<u>          </u>; Reply brief to be filed by<u>          </u>.

9. EXPERT TESTIMONY

   a. Primary expert reports must be produced by <u>6/29//2026</u>.

   b. Rebuttal expert reports must be produced by <u>7/15/2026</u>.

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand by <u>9/30/2026</u>.    Defendant will respond by <u>10/21/2026</u>. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.  The parties request the following month and year:
<u>November 2026</u>

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

 <u>X   </u>Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The parties request that the conference take place _____ in chambers X_____by telephone.


_____No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:

**Defendants' Statement:**

<u>Status of the pending Motions to Dismiss</u>: Defendants respectfully request that the pending motions to dismiss, for which briefing was completed July 1, 2025, be decided as soon as possible and before Rule 26(a) initial disclosures are due or any other additional discovery takes place.
<u>Status of the Defendants</u>: Defendant Bridgeall Libraries Ltd is no longer an operating business because all of its assets were sold to another company in June 2025. The sale was expressly taken into account in the stipulated Preliminary Injunction. . Defendant Baker & Taylor has ceased operations for financial reasons and is in the process of liquidating and winding up.

**Plaintiff's Statement:**

OCLC opposes Defendants' informal request to stay the exchange of initial disclosures and merits discovery until after Defendants' motions to dismiss are decided as procedurally improper and prejudicial to OCLC's ability to effectively litigate this case. On November 6, 2025, Defendants represented to OCLC and the Court that they were "in the process of preparing" a motion to continue to stay discovery this case (Dkt. 96 PAGEID # 3855), yet Defendants have not filed any

4

such motion. They now seek to obtain that relief informally. Unless and until Defendants follow the proper procedural, statutory, or other legal mechanisms available to them *and* meet those corresponding burdens, discovery in this case should continue as part of the normal course of litigation.  *See* Plaintiff OCLC, Inc.'s Motion Requesting the Court Set a Scheduling Conference (ECF Nos. 94 and 97).

Signatures:

| Attorney for Plaintiff(s): | Attorney for Defendant(s): |
|---|---|
| */s/ Jeff Walker* | */s/ Derek Hartman* |
| Jeffrey M. Walker (0096567), Trial Attorney | Derek P. Hartman (0087869), Trial Attorney |
| Brittany Silverman (0102263) | CAVITCH, FAMILO & DURKIN CO., L.P.A. |
| SQUIRE PATTON BOGGS (US) LLP | 1300 East Ninth Street, 20th Floor |
| 2000 Huntington Center | Cleveland, Ohio 44114 |
| 41 South High Street | Telephone: (216) 621-7860 |
| Columbus, Ohio 43215 | Facsimile: (216) 621-3415 |
| Telephone: (614) 365-2700 | dhartman@cavitch.com |
| Facsimile: (614) 365-2499 | |
| jeffrey.walker@squirepb.com | |
| brittany.silverman@squirepb.com | |
| | */s/ Frank E. Noyes* |
| | Frank E. Noyes, II (PA Bar No. 48366) |
| | (admitted pro hac vice) |
| | OFFIT KURMAN |
| | 222 Delaware Avenue, Suite 1105 |
| | Wilmington, Delaware 19801 |
| | fnoyes@offitkurman.com |

Date: December 30, 2025