# EXHIBIT 27

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| OCLC, INC., | Case No. 2:25-cv-00309 |
| **Plaintiff,** | |
| **v.** | Judge Edmund Sargus, Jr. |
| Baker & Taylor, LLC; Bridgeall Libraries Ltd., | |
| | **Magistrate Judge Elizabeth Preston Deavers** |
| **Defendants.** | |

## PLAINTIFF OCLC, INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT BAKER & TAYLOR, LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Pursuant to 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff OCLC, Inc. ("OCLC"), by and through its counsel, responds to Defendant Baker & Taylor, LLC's ("Baker & Taylor") First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions (together, the "Requests").

## GENERAL OBJECTIONS

1.      OCLC objects to the Requests, including without limitation any portion of the definitions and instructions, to the extent that they seek information beyond the scope of discovery as provided by the Federal Rules of Civil Procedures, the Local Rules of this Court, or any Order of this Court (the "Applicable Rules"), and to the extent they purport to impose obligations on OCLC that are greater than or inconsistent with those imposed by the Applicable Rules.

2.      OCLC objects to the Requests to the extent they seek disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest

privilege, or any other applicable privilege or immunity. OCLC will not knowingly disclose information that is subject to any such privilege or protection, and any apparent, inadvertent disclosure of such information should be brought to OCLC's attention immediately. When an individual request seeks information or documents protected from disclosure by an applicable privilege or immunity, OCLC objects on that ground below. When OCLC does not object on privilege grounds below, OCLC reserves the objection should such information be required in the future because of an obligation to supplement or because such information otherwise comes to light.

3.      OCLC objects to providing information that is confidential or proprietary in nature, including but not limited to trade secrets and any other valuable or sensitive business information. OCLC will produce such information subject to the terms of the Protective Order in this case.

4.      Except as otherwise stated below, OCLC incorporates into its responses the definitions set forth in the Requests. OCLC objects to the Requests as vague and ambiguous to the extent they include or refer to undefined terms that do not have an ordinary and customary meaning.

5.      OCLC objects to the Requests to the extent they seek information beyond the scope of expedited discovery for the preliminary injunction hearing authorized by the Court in this case. *See* Order, Dkt. 27; OCLC's Mot. for Expedited Discovery, Dkt. 13.

6.      OCLC objects to the Requests to the extent they are overbroad, unduly burdensome, oppressive, disproportionate to the needs of this litigation, and/or impose an undue expense, considering the litigation as a whole and the expedited nature of discovery the Court permitted.

7.     OCLC objects to the Requests to the extent they purport to require OCLC to produce information outside of its knowledge, possession, custody, and/or control, or seek information in Baker & Taylor's own possession and/or more readily available from other parties.

8.     Neither the fact that OCLC has responded to the Requests, nor the responses themselves, constitute an admission or acknowledgement that any of the Requests are proper or that the documents and/or information sought are relevant, material, or otherwise within the proper bounds of discovery or admissible at trial.

9.     OCLC objects to the Requests to the extent the Requests are premature; discovery is ongoing, and OCLC's ability to respond and/or answer depends on Defendants' responses to OCLC's discovery requests.

10.     OCLC objects that there is no temporal limitation to the Requests. The lack of temporal limitations makes many of the Requests overly burdensome and disproportionate to the needs of the case.

11.     OCLC will produce electronically stored information (ESI) as searchable image files with a standard load file of metadata fields, or by a mutually agreed upon ESI protocol to be determined prior to production of any documents.

12.     OCLC reserves the right to amend or supplement these objections as may be necessary and appropriate. Subject to the foregoing objections and limitations, which are incorporated into each of the following responses, OCLC responds below.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.     OCLC objects to the definitions of "BTCat," "collectionHQ," and "WorldCat" as vague and ambiguous because the phrase "associated services" in each definition is undefined and unclear. Baker & Taylor agreed to strike the "associated services" language from these definitions

and, therefore, OCLC construes the definition without that language. *See* May 20, 2025 D. Harman Email.

2.      OCLC objects to the definition of "Records" to the extent that the definition is meant to encompass every systems' cataloging records. For example, WorldCat records involve significantly more data than the title, author, and number of pages.

3.      OCLC objects to the definitions of "relate," "relating to," and "documents relating to," to the extent they conflict with one another, rendering the definitions vague and ambiguous.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

1.      OCLC objects to Instruction No. 8, which seeks to require OCLC "to state in detail your attempts to secure the information necessary to answer the Discovery Request," because it imposes obligations upon OCLC that are greater than the Applicable Rules. OCLC will answer, respond, and/or lodge its objections pursuant to the Applicable Rules.

2.      OCLC objects to Instruction No. 11 to the extent it requires more than the Applicable Rules, including Federal Rule of Civil Procedure 26(b)(5)(A). Where OCLC claims privilege, it will do so pursuant to the Applicable Rules.

3.      OCLC objects to Instruction No. 12, which seeks to require OCLC to identify Documents that are no longer in its possession, custody, or control and to explain why not, because it imposes obligations upon OCLC that are greater than the Applicable Rules. OCLC will answer, respond, and/or lodge its objections pursuant to the Applicable Rules.

4.      OCLC objects to Instruction Nos. 14 and 15 because these Instructions purport to unilaterally determine an ESI protocol. OCLC shall produce documents pursuant to the ESI protocol the Court established in this case at ECF No. 50.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each current or prospective WorldCat customer that (1) has "cancel[ed] their WorldCat subscriptions and transition[ed] to BTCat" as alleged in Paragraph 120 of the Complaint; (2) is "considering transition to BTCat" as alleged in Paragraph 120 of the Complaint; or (3) "OCLC has lost to BTCat['']" as alleged in Paragraph 123 of the Complaint, stating the reason for each customer's conduct.

      **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that this Request is compound and does not contain proper subparts. Accordingly, OCLC construes this Request as three separate Requests. OCLC further objects to this Request as premature; discovery is ongoing, and OCLC's ability to respond depends on Defendants' responses to OCLC's discovery requests, as some of this information is exclusively within Baker & Taylor's knowledge. OCLC will supplement its answer to this Request as discovery progresses.

      Subject to and without waving these objections, OCLC responds as follows: OCLC does not know the identities of all customers who canceled their WorldCat subscriptions and transitioned to BTCat, all current or prospective WorldCat customers who are considering transitioning to BTCat, or all current or prospective WorldCat customers who OCLC has lost to BTCat, as, among other reasons, past, current, and prospective customers do not always share with OCLC if they are transitioning to or considering using BTCat instead of WorldCat. Indeed, some of this information is within the knowledge, custody, and control of Defendants and thus the subject of discovery requests that OCLC has served on them in this litigation. Pursuant to Federal Rule of Civil Procedure 33(d), OCLC refers Baker & Taylor to documents that will be produced in this action by OCLC and Defendants. OCLC will update its response to this Request to identify the specific Bates numbers for such documents once the parties' document productions are complete.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 1, OCLC further responds that it has produced OCLC_00000258, OCLC_00001920, and OCLC_00002571 from which the answer to the Interrogatory may be derived and/or ascertained, pursuant to Federal Rule of Civil Procedure 33(d). Moreover, because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production. OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 2:** Identify the number of records in WorldCat that include an OCN in the 040 ‡a and/or 040 ‡c field.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein.

Subject to and without waving these objections, OCLC responds as follows: There are no records in WorldCat that include an OCN in the 040 ‡a and/or 040 ‡c field.

**INTERROGATORY NO. 3:** Identify the number of records in WorldCat that include a Baker & Taylor control number in the 040 ‡a and/or 040 ‡c field.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as vague and ambiguous because there is no definition of "Baker & Taylor control number." OCLC further objects to this Request as irrelevant.

Subject to and without waving these objections, OCLC responds as follows: There are no records in WorldCat that include a Baker & Taylor control number in the 040 ‡a and/or 040 ‡c field.

**INTERROGATORY NO. 4:** Identify the number of WorldCat records for which OCLC has altered or deleted the data in the 040 ‡a and/or 040 ‡c field.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as irrelevant, unduly burdensome, and disproportionate

to the needs of this case at the preliminary injunction stage. OCLC further objects to this Request as ambiguous and vague because "altered" and "deleted" are undefined.

Subject to and without waving these objections, OCLC responds as follows: As part of OCLC's everyday processing of records, OCLC systems automatically add or update data in the 040 ‡a and/or 040 ‡c fields for very specific use cases. OCLC's systems do not automatically delete data in the 040 ‡a and/or 040 ‡c fields. However, there have been a few instances over the past four decades in which a library or customer has ceased operations and/or transferred their collections to another entity, and the new entity has asked OCLC to delete the data in 040 ‡a and/or 040 ‡c for the library that is no longer in existence and replace it with the acquiring entity's data. To OCLC's knowledge, no customer has ever directed OCLC to delete—and OCLC has not deleted—data referring to Defendants in the 040 ‡a and/or 040 ‡c fields.

It would be unduly burdensome to identify the number of records for which data in the 040 ‡a and/or 040 ‡c fields has been added, updated, or deleted. To do so, OCLC would have to review decades of logs to determine how many records had data added, updated, or deleted. Even then, there may be no way to identify whether any addition, update, or deletion occurred in a specific data field.

**INTERROGATORY NO. 5:** Identify all facts supporting the contentions in Paragraphs 9, 11 and 79 of the Complaint that Baker & Taylor "extracted WorldCat records and data in excess of the amount permitted by the [WorldCat Data Licensing Agreement]."

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as premature; discovery is ongoing, and OCLC's ability to answer depends on Defendants' responses to OCLC's discovery requests, as some of this information is exclusively within Baker & Taylor's knowledge. OCLC will supplement its answer to this Request as discovery progresses.

Subject to and without waving these objections, OCLC responds as follows: WorldCat users run searches, or "calls," within WorldCat to find a specific WorldCat record. These calls yield search results that often contain a number of potentially relevant records. Historically, WorldCat users, on average, download one WorldCat record for every two to three calls made to view a WorldCat record. For each year that the WorldCat Data Licensing Agreement was in place (*i.e.*, 2019, 2020, and 2021), Baker & Taylor made between 300,000 and 500,000 calls. Based on the historical call-to-download activities of WorldCat users, OCLC reasonably believes that Baker & Taylor downloaded between 100,000 and 165,000 records in each of those years, exceeding the download limit permitted by the WorldCat Data Licensing Agreement. In OCLC's experience, this volume of calls is also indicative of Baker & Taylor engaging in other violations of the Licensing Agreement, such as copying records and data from WorldCat without downloading the actual records. The actual number of downloads is the source of ongoing discovery that OCLC served on Defendants in this litigation.

**INTERROGATORY NO. 6:** Identify the BTCat demonstration video that forms the basis for your allegations in Paragraphs 88–91 of the Complaint, including but not limited to the creator of the video, the name of the video, the channel that uploaded it, and the URL link to the video.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC further objects that the information this Request seeks is publicly available and equally accessible to Baker & Taylor. OCLC further objects that the link and video speak for themselves and that the Request is unduly burdensome to the extent it requests information readily discernible from the link and video themselves.

Subject to and without waving these objections, OCLC responds as follows: The link for the video referenced in paragraphs 88–91 of the Complaint can be found at: https://www.youtube.com/watch?v=xN1gIL5Wdyo. According to the information published with the YouTube video, the video is titled "Monday Minutes BTCat integration with Koha." Video

hosts "Kelly" and "Jessie" talk with Travis Kelly from Baker & Taylor and Lori Thorrat from Cuyahoga County Public Library about BTCat's integration with "Koha." The video was posted on April 29, 2024, by an account named "bywatersolutions."

**INTERROGATORY NO. 7:** Identify all OCLC policies and practices regarding the sharing, licensing, or use of WorldCat Records by third parties relevant to the underlying allegations in the Complaint, including changes to these policies over time.

   **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as vague and ambiguous because "policies and practices" are undefined. OCLC further objects to the Request to the extent it seeks changes to policies over time as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case at the preliminary injunction stage, including because this Request contains no time limitation. OCLC objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. OCLC interprets this Request to refer to the WorldCat Rights and Responsibilities for the OCLC Cooperative ("WorldCat Policy"), the OCLC Framework Agreement, and third-party cataloging agreements in effect from 2019 through the present.

   Subject to and without waving these objections, OCLC responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), OCLC refers Baker & Taylor to the documents that will be produced in this action by OCLC and Defendants. OCLC will update its response to this Request to identify the specific Bates numbers for such documents once the parties' document productions are complete.

   **SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 7, OCLC further responds that it has produced OCLC_00000001–7, OCLC_0000004–43, OCLC_ 00000309–688, OCLC_00001921–2368, OCLC_00002577 – 2729, from which the answer to the Interrogatory may be derived and/or ascertained, pursuant to Federal Rule of Civil Procedure

33(d). Moreover, because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production. OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 8:** Identify the breaches of OCLC Rights and Responsibilities (Compl. Ex. A) and Framework Agreement (Compl. Ex. E) that you allege are implicated by the conduct of Baker & Taylor, including the specific contract provisions that were breached.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as vague and ambiguous because "implicated" is undefined and unclear in this context. OCLC further objects to this Request as premature; discovery is ongoing, and OCLC's ability to answer depends on Defendants' responses to OCLC's discovery requests. OCLC will supplement its answer to this Request as discovery progresses.

Subject to and without waving these objections, OCLC responds as follows: Baker & Taylor's conduct, as alleged in the Complaint, encourages OCLC WorldCat customers to violate Section 3(B) of the WorldCat Policy, including, at a minimum, subsections 3(B)(1), (5), (6)(b), (6)(c), and (6)(d). Furthermore, Baker & Taylor's conduct, as alleged in the Complaint, encourages OCLC WorldCat customers to violate Sections 5 and 11 of the Framework Agreement, including, at a minimum, subsections 5.1(a), 5.2(a), 11.1(e), and 11.1(g).

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 8, OCLC further responds that because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production and thus cannot supplement its Answer at this time, as OCLC's Answer

depends on documents Defendants have produced. Accordingly, OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 9:** Identify the efforts OCLC has taken to enforce the obligations that OCLC customers owe to OCLC as described in Paragraphs 60, 104 and 105 of the Complaint, including, but not limited to pursuing or threatening legal action.

   **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC further objects to this Request as vague and ambiguous because "enforce" is undefined. OCLC also objects to this Request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case at the preliminary injunction stage, including because the Request seeks information on all efforts to enforce contractual obligations without any time limitation. OCLC objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. OCLC interprets this Request to refer to enforcement efforts from 2019 through the present.

   Subject to and without waving these objections, OCLC responds as follows: OCLC engages in a number of practices to encourage compliance with and enforce the obligations that its customers owe under the Framework Agreement, WorldCat Policy, and other contracts and policies. Some of these efforts include the following:

- Educating customers about their obligations under the WorldCat Policy and Framework Agreement and working directly with them to ensure that they comply with those obligations. Some examples of these education and outreach activities include:
  - OCLC issues online articles and blog posts, which remind customers about the value of the WorldCat business model and their obligations under the WorldCat Policy and the Framework Agreement to support this model. A recent example is the blog post, "Sustainable stewardship: WorldCat as a membership good," https://hangingtogether.org/membership-goods-worldcat/.

- ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████.

- ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████████████████████
  ████████████

▪ ████████████████████████████
  ████████████████████████████
  ████████████████████████████

- Sending "cease and desist" letters to customers who are not in compliance with their contractual obligations regarding WorldCat records.

- Revoking or limiting a customer's access to WorldCat and other products and services if the customer is not in compliance with its contractual obligations with OCLC.

- Taking legal action against entities that wrongfully use WorldCat Data and encourage OCLC's current and prospective customers to breach their contractual agreements with OCLC, including the Framework Agreement and WorldCat Policy. *See OCLC, Inc. v. Clarivate, PLC, et al.*, Southern District of Ohio Case No. 2:22-cv-2470.

OCLC continues to collect communications, documents, and information related to this Request and will supplement this response as appropriate.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 9, OCLC further responds that because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production and thus cannot supplement its Answer at this time, as OCLC's Answer depends on documents Defendants have produced. Accordingly, OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 10:** Identify all agreements, licenses, or permissions OCLC has granted to third parties for the use of WorldCat Records since January 1, 2020 to the present.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as vague and ambiguous because "third parties," "permissions," and "use" are not defined. OCLC further objects to this Request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case at the preliminary injunction stage, particularly as it seeks "all agreements, policies, and permissions" granted to third-parties unrelated to Defendants and the claims asserted against them in this litigation.

Subject to and without waving these objections, OCLC responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), OCLC refers Baker & Taylor to documents that will be produced in this action by OCLC. OCLC will update its response to this Request to identify the specific Bates numbers for such documents once the parties' document productions are complete.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 10, OCLC further responds that it has produced documents from which the answer to the Interrogatory may be derived and/or ascertained, pursuant to Federal Rule of Civil Procedure 33(d), including, but not limited to OCLC_00000625–629, OCLC_00000633–646, OCLC_00000648–657, OCLC_00000661–662, OCLC_00000664–678, OCLC_00000682–688, and OCLC_00001922–2181.

**INTERROGATORY NO. 11:** Identify how WorldCat customers access, upload, download, or use the Records identified in your answer to Interrogatory 3.

**ANSWER:** OCLC incorporates its General and Specific Objections, and its specific objections to Interrogatory No. 3, as though fully set forth herein. OCLC objects to this Request as vague and ambiguous because OCLC cannot feasibly know all of the ways its customers "use" WorldCat Records. OCLC further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of this case at the preliminary injunction stage.

Subject to and without waving these objections, OCLC responds as follows: Because OCLC identified no records in response to Interrogatory No. 3, OCLC likewise has no response to this Request.

**INTERROGATORY NO. 12:** Identify in detail the source and scope of all copyrights, trademarks and other intellectual property rights OCLC owns (a) in individual WorldCat records, and (b) in the WorldCat collection.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as vague and ambiguous because "other intellectual property rights" is not defined. Accordingly, OCLC interprets "other intellectual property rights" to mean any patent rights. OCLC further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of this case at the preliminary injunction stage. There are currently no claims in this litigation for violations of a trademark, copyright, or patents that OCLC owns.

Subject to and without waving these objections, OCLC responds as follows: OCLC has not alleged that Defendants have infringed any copyrights, trademarks, or patents owned by OCLC.

**INTERROGATORY NO. 13:** Explain the basis for the statement in the WorldCat Rights and Responsibilities (Ex. A to compl.) section 2.C that "On behalf of its members, OCLC claims copyright rights in WorldCat as a compilation" but OCLC "does not claim copyright ownership of individual records."

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that this Request is irrelevant and disproportionate to the needs of this case at the preliminary injunction stage.

Subject to and without waving these objections, OCLC responds as follows: OCLC has not alleged that Defendants have infringed any copyrights owned by OCLC and copyright is not

an issue in this litigation. OCLC further states that this statement is based on the fact that OCLC has sought for and registered copyrights in WorldCat as a compilation in the past.

**INTERROGATORY NO. 14:** Identify all facts that support the contention in Paragraph 10 of the Complaint that "Defendants chose to unlawfully obtain WorldCat records and data by targeting OCLC customers."

    **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as premature; discovery is ongoing, and OCLC's ability to answer depends on Defendants' responses to OCLC's discovery requests. Indeed, this Request seeks information that is within the control of Defendants and that is the subject of OCLC's Request for Production Nos. 1–6 and 8–12, served on Defendants on April 28, 2025. OCLC will supplement its answer to this Request as discovery progresses.

    Subject to and without waving these objections, OCLC responds as follows: At this time, the facts that support Paragraph 10 of the Complaint are:

- Defendants have entered into contracts for non-cataloging services, including services provided by Bridgeall, with OCLC customers that contain a provision requiring libraries to authorize Baker & Taylor to access the library's catalog and license all catalog records to Baker & Taylor for use in BTCat. In this manner, Baker & Taylor has been able to access WorldCat records and data in these catalogs without a valid license or other authorization from OCLC. *See* Complaint ¶¶ 81–97 & Exhibit D.

- Statements that Baker & Taylor representatives made during in-person meetings, including at an American Libraries Association meeting, as explained in response to Interrogatory No. 16.

- Through these actions, Defendants have populated BTCat with high-quality WorldCat records and data and bypassed the need to invest the significant time and money necessary

to develop similar quality records and data on their own. This shortcut has allowed Baker & Taylor to offer BTCat for a fraction of the cost of a WorldCat subscription.

OCLC further responds that, pursuant to Federal Rule of Civil Procedure 33(d), OCLC refers Baker & Taylor to documents that will be produced in this action by OCLC and Defendants. OCLC will update its response to this Request to identify the specific Bates numbers for such documents once the parties' document productions are complete.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 14, OCLC further responds that because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production and thus cannot supplement its Answer at this time, as OCLC's Answer depends on documents Defendants have produced. Accordingly, OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 15:** Identify all facts supporting the contention that "[a]ny potential WorldCat Customers are unlikely to pay (or continue to pay) for access to WorldCat if the same high-quality records are available for a smaller fee through BTCat" as alleged in Paragraph 112 of the Complaint.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as premature; discovery is ongoing, and OCLC's ability to answer depends on Defendants' responses to OCLC's discovery requests. OCLC will supplement its answer to this Request as discovery progresses.

Subject to and without waving these objections, OCLC responds as follows: The contention quoted in this Request is based on a reasonable inference as to how a rationale actor is likely to act when given the choice between purchasing two identical goods or services at different prices. Under the rational choice theory in economics, a consumer deciding between two identical

products is more likely to choose the product being sold at the lowest price because the consumer believes it will offer the same utility at a lower cost. There are other factors besides price and quality that might affect a customer's purchase decision, such as if the lower cost option was obtained or produced unlawfully; however, this contention simply reflects the reasonable inference that, all other things being equal, a customer is more likely to choose the cheaper option.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 15, OCLC further responds that because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production and thus cannot supplement its Answer at this time, as OCLC's Answer depends on documents Defendants have produced. Accordingly, OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 16:** Identify all facts that support the contention that Baker & Taylor used the 2023 meeting with libraries "to encourage libraries to leave WorldCat for BTCat" as alleged in Paragraph 114 of the Complaint.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as premature; discovery is ongoing, and OCLC's ability to answer depends on Defendants' responses to OCLC's discovery requests. OCLC will supplement its answer to this Request as discovery progresses.

Subject to and without waving these objections, OCLC responds as follows: In June 2023, Baker & Taylor gave a presentation about BTCat at an American Library Association meeting in Chicago, Illinois. During this presentation, the presenter(s) encouraged attendee libraries to switch to using BTCat, telling libraries (in reference to OCLC WorldCat) that it was "scary to divorce a beast you've been with for a long time", that OCLC WorldCat returned too many "hits," and that switching from OCLC products could save enough money to hire additional staff.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 16, OCLC further responds that because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production and thus cannot supplement its Answer at this time, as OCLC's Answer depends on documents Defendants have produced. Accordingly, OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 17:** Identify all facts that support the contention that Baker & Taylor "underreport[ed] and misrepresent[ed] to OCLC the scope of its download and other activities" under the WorldCat Data Licensing Agreement as alleged in Paragraph 9 of the Complaint.

**ANSWER:** OCLC incorporates its General and Specific Objections, and its objections to Interrogatory No. 5, as though fully set forth herein. OCLC objects to this Request as premature; discovery is ongoing, and OCLC's ability to answer depends on Defendants' responses to OCLC's discovery requests. OCLC will supplement its answer to this Request as discovery progresses.

Subject to and without waving these objections, OCLC responds as follows: OCLC incorporates its response to Interrogatory No. 5. Pursuant to Federal Rule of Civil Procedure 33(d), OCLC refers Baker & Taylor to documents that will be produced in this action by OCLC. OCLC will update its response to this Request to identify the specific Bates numbers for such documents once the parties' document productions are complete.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Interrogatory No. 17, OCLC further responds that it has produced OCLC_00000305, from which the answer to the Interrogatory may be derived and/or ascertained, pursuant to Federal Rule of Civil Procedure 33(d). Moreover, because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants'

production. OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**INTERROGATORY NO. 18:** Identify your method(s) of calculating direct and indirect revenue that support the contention in Paragraph 124 of the Complaint that WorldCat "[makes] up an average of 39% of OCLC's direct revenue, and 83% of OCLC's revenue, directly and indirectly, over the past 5 years."

      **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC further objects to this Request as calling for expert testimony.

      Subject to and without waving these objections, OCLC responds as follows: OCLC examined its revenue during the past 5 years for OCLC's fiscal period of 2020 through 2024. OCLC cataloging subscriptions and cataloging incorporated as a component of OCLC Worldshare Management Solutions package are tracked specifically. OCLC considers this revenue directly attributable to WorldCat. OCLC compared the total of direct revenue for this five-year period to OCLC's global revenue for the same five-year period to reach the 39% calculation. Then, OCLC calculated the additional revenue of OCLC's services that rely on or incorporate WorldCat. Each service's revenue is tracked separately. OCLC considered this revenue indirectly attributable to WorldCat. OCLC added the indirectly attributable revenue to WorldCat to the directly attributable revenue to WorldCat and then compared this figure to OCLC's global revenue for the same five-year period to reach the 83% calculation.

**INTERROGATORY NO. 19:** Identify all damages resulting from the conduct alleged in the Complaint.

      **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as irrelevant, calling for expert testimony, and disproportionate to the needs of this case at the preliminary injunction stage. OCLC further objects that it is premature to seek discovery into the extent of all OCLC's damages resulting from Defendants' conduct alleged in the Complaint as part of these preliminary injunction proceedings

because OCLC must show only that it will suffer irreparable harm without the requested injunction.

Subject to and without waving these objections, OCLC responds as follows: At this stage in the litigation, the relevant inquiry is whether OCLC will suffer irreparable harm absent injunctive relief from the Court. Accordingly, OCLC states that it will suffer the following irreparable harm: the loss of current and potential customers; the loss of goodwill; reputational harms; and the devaluation of WorldCat. OCLC has more fully described the extent of irreparable harm in its Motion for Preliminary Injunction. ECF No. 5 at 16–19. OCLC will further amend its response to this Request at the appropriate time during merits and expert discovery to identify the damages resulting from Defendants' conduct.

## **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** All Communications between OCLC and Baker & Taylor concerning the WorldCat Data License Agreement.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this request as vague and ambiguous because "concerning" is undefined. OCLC further objects to this Request as overly broad and unduly burdensome because it seeks "all communications" and it lacks temporal limitations, particularly given the allegations in the Complaint and the expedited nature of this discovery. Accordingly, OCLC will interpret this Request as seeking documents from January 1, 2019 to September 16, 2022.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:** All Documents, including licensing agreements or contracts between OCLC and any customer identified in your responses to Interrogatory 1.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that this Request is vague and ambiguous to the extent it requests, "all

Documents," without further explanation than the licensing agreements or contracts. OCLC objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. OCLC further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case at the preliminary injunction stage because it seeks "all Documents" and it lacks temporal limitations, particularly given the allegations in the Complaint and the expedited nature of this discovery. Accordingly, OCLC will interpret this Request as seeking agreements or contracts between OCLC and any customer identified in Interrogatory No. 1 regarding the use or licensing of WorldCat records or data.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce non-privileged documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications supporting the contentions in Paragraphs 9, 11 and 79 of the Complaint that Baker & Taylor extracted Records beyond the scope permitted by the WorldCat Data License Agreement.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. OCLC objects to this Request because discovery is ongoing, and OCLC's ability to respond depends on Defendants' responses to OCLC's discovery requests. OCLC will supplement its production as discovery progresses.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce non-privileged documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications evidencing the identities of customers OCLC claims to have lost to Baker & Taylor as alleged in Paragraph 120 of the Complaint.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as vague and ambiguous with respect to "evidencing the identities of customers." OCLC further objects that this Request is duplicative of Interrogatory No. 1. OCLC objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. OCLC also objects that discovery is ongoing, and OCLC's ability to respond depends on Defendants' responses to OCLC's discovery requests. OCLC will supplement its production as discovery progresses.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce non-privileged documents sufficient to show the identities of customers that OCLC has lost to Baker & Taylor.

**REQUEST FOR PRODUCTION NO. 5:** All Documents, including financial reports, that support the contention in Paragraph 124 of the Complaint that WorldCat "[makes] up an average of 39% of OCLC's direct revenue, and 83% of OCLC's revenue, directly and indirectly, over the past 5 years."

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as overly broad and unduly burdensome because it seeks "all Documents" and it lacks temporal limitations, particularly given the allegations in the Complaint and the expedited nature of this discovery. OCLC further objects that this Request disproportionate to the needs of this case at the preliminary injunction stage. OCLC also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce non-privileged documents sufficient to show the contention in Paragraph 124 of the Complaint quoted in the Request.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications between OCLC and any customer identified in your response to Interrogatory 1 evidencing each customer's decision to leave OCLC for BTCat, including but not limited to the Communications reference in Paragraphs 92 and 93 of the Complaint.

 **RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as overly broad and unduly burdensome because it seeks "all Documents and Communications" and it lacks temporal limitations, particularly given the allegations in the Complaint and the expedited nature of this discovery. OCLC further objects that the Request is disproportionate to the needs of this case at the preliminary injunction stage. OCLC also objects to this Request because discovery is ongoing, and OCLC's ability to respond depends on Defendants' responses to OCLC's discovery requests. OCLC will supplement its production as discovery progresses.

 Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:** All Documents relating to all efforts to enforce the WorldCat Policy against OCLC customers as alleged in Paragraph 60 of the Complaint.

 **RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as irrelevant, overly broad, unduly burdensome because it seeks "all Documents" and it lacks temporal limitations, and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery. OCLC further objects that this Request is ambiguous or vague as to "all efforts to enforce." OCLC objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce non-privileged documents in its possession that demonstrate the ways in which OCLC seeks to enforce the WorldCat Policy.

**REQUEST FOR PRODUCTION NO. 8:** All executed agreements and contracts, including but not limited to OCLC licensing agreements between OCLC and Baker & Taylor preceding the WorldCat Data Licensing Agreement referenced in Paragraph 7 of the Complaint.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that the Request is ambiguous and vague as written to the extent it seeks "all executed agreements and contracts" without further explanation. OCLC further objects to this Request as irrelevant; overly broad; unduly burdensome and disproportionate to the needs of this case at the preliminary injunction stage because it seeks "All executed agreements and contracts," is not limited to relevant entities, and lacks temporal limitations. OCLC also objects that this information is equally available to Baker & Taylor. Accordingly, OCLC interprets this Request as seeking agreements or contracts executed between OCLC and Baker & Taylor before the execution of the WorldCat Data Licensing Agreement.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:** All Documents, including but not limited to third-party agreements, that evidence the grant of access to Baker & Taylor to WorldCat as an agent of any OCLC customer.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that the Request is ambiguous and vague as written, to the extent it seeks "All Documents" without further explanation and because "access" is undefined. OCLC further objects to this Request as irrelevant, overly broad, unduly burdensome because it seeks "All Documents" and lacks temporal limitations, and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the

25

expedited nature of this discovery. OCLC also objects that the Request is duplicative of Request for Production No. 8 and seeks information that is equally available to Baker & Taylor.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce all third-party cataloging agreements in OCLC's possession related to Baker & Taylor's cataloguing activities on behalf of OCLC customers.

**REQUEST FOR PRODUCTION NO. 10:** All Documents sufficient to show the number of records in WorldCat that contain references to Baker & Taylor in the 040 ‡a and/or 040 ‡c field or indication the record was created by Baker & Taylor other than those identified in the preceding Request for Production.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that this Request is ambiguous and vague because "created" is not defined. OCLC further objects to this Request as irrelevant, overly broad, unduly burdensome because it seeks "All Documents" and lacks temporal limitations, and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery. OCLC also objects that this Request is more appropriate for an interrogatory request than a request for documents.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:** All Documents evidencing all copyrights, trademarks and other intellectual property rights OCLC owns (a) in individual WorldCat records, and (b) in the WorldCat collection.

**RESPONSE:** OCLC incorporates its General and Specific Objections, and to Interrogatory No. 12, as though fully set forth herein. OCLC objects that this Request is ambiguous and vague because it does not define "other intellectual property rights." Accordingly, OCLC interprets "other intellectual property rights" to mean any patent rights. OCLC further objects to this Request as irrelevant, overly broad, unduly burdensome because it seeks "All Documents"

and lacks temporal limitations, and as disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery.

Subject to and without waving these objections, OCLC responds as follows: OCLC stands on its objections and does not plan to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:** All Communications between OCLC and BTCat customers since January 1, 2021 to the present.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that this Request is ambiguous and vague because Baker & Taylor does not define "BTCat customers" and OCLC does not know what entities are "BTCat customers." OCLC further objects to this Request as overly broad, unduly burdensome because it seeks "All Communications," and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery.

Subject to and without waving these objections, OCLC responds as follows: If Baker & Taylor will more clearly define "BTCat customers" by providing a list of any such customers, OCLC will conduct and reasonable search and produce documents in its possession that are responsive to this Request.

**SUPPLEMENTAL RESPONSE:** On June 6, 2025, Baker & Taylor notified OCLC, in writing, that it was withdrawing this Request.

**REQUEST FOR PRODUCTION NO. 13:** All Documents, including but not limited to, contracts or agreements, that allow for the use of WorldCat Records by Baker & Taylor as a third-party.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that the Request is ambiguous and vague as to "allow for the use of

27

WorldCat Records by Baker & Taylor as a third-party" and duplicative of Request for Production No. 9. OCLC further objects to this Request as overly broad and unduly burdensome because it seeks "All Documents" and lacks temporal limitations, and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery. OCLC also objects to the Request to the extent it seeks to require OCLC to make a legal determination as to whether a contract or agreement "allows for the use of WorldCat Records."

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce the 2019 License Agreement between Baker & Taylor and OCLC referenced in the Complaint, any similar licensing agreements with OCLC of which OCLC is aware, and all third-party cataloging agreements in OCLC's possession related to Baker & Taylor's cataloguing activities on behalf of OCLC customers.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show the design and operation of WorldCat, including how Records, bibliographic information, and/or metadata are submitted to, merged to, linked to, uploaded to, transferred to, indexed, scored, enhanced, displayed and/or used by WorldCat, and how BTCat Records and data are used in WorldCat.

**RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that the Request is ambiguous and vague because it uses many undefined terms, including "BTCat Records." OCLC further objects to this Request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery. OCLC also objects to the assertion that "BTCat Records are used in WorldCat," and to the extent this Request is duplicative of Interrogatory No. 11.

Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:** All "contracts for Baker & Taylor's non-cataloging services, including services provided by Bridgeall, that contained a provision requiring libraries to authorize Baker & Taylor to access the library's catalog and license all catalog records to Baker & Taylor" as alleged in Paragraph 12 of the Complaint.

      **RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request because discovery is ongoing, and OCLC's ability to respond depends on Defendants' responses to OCLC's discovery requests. OCLC further objects that the documents this Request seeks are publicly available or only accessible to Baker & Taylor.

      Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:** All Documents that support the contention that "access and use of WorldCat records under Libros Sin Fronteras's consulting agreement exponentially increased" as alleged in Paragraph 68 of the Complaint.

      **RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as irrelevant to the preliminary injunction stage, overly broad, unduly burdensome because it seeks "All Documents" and lacks any temporal limitations, and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery.

      Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:** The "proper written notice to Baker & Taylor under the Agreement of [OCLC's] intent to terminate the Agreement" as alleged in Paragraph 77 of the Complaint.

      **RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. Subject to and without waving these objections, OCLC responds as follows: OCLC will produce documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:** All Documents and Communications evidencing the revenue OCLC claims to have lost due to Baker & Taylor's actions as alleged in Paragraph 121 of the Complaint.

      **RESPONSE:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as irrelevant to the preliminary injunction stage, overly broad, unduly burdensome because it seeks "All Documents" and lacks any temporal limitations, and disproportionate to the needs of this case at the preliminary injunction stage, particularly given the allegations in the Complaint and the expedited nature of this discovery. OCLC also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. OCLC further objects to this Request to the extent it is duplicative of Request for Production No. 6.

      Subject to and without waving these objections, OCLC responds as follows: OCLC will produce non-privileged documents evidencing the lost subscription fees described in Paragraph 121 of the Complaint.

**FIRST SET OF REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:** Admit that all OCNs are currently in the public domain.

      **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC further objects that this Request is vague because "in the public domain" is undefined.

      Subject to and without waving these objections, OCLC responds as follows: OCLC admits that all OCNs are available through individual inquiries in library catalogs. OCLC denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 2:** Admit WorldCat's Record database contains Records that have a Baker & Taylor control number in the 035 field.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC further objects that this Request is ambiguous and vague because "Baker & Taylor control number" is undefined.

Subject to and without waving these objections, OCLC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 3:** Admit that the 035 field in a Record indicates the institution that created the record.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that the Request is ambiguous and vague because "created" is undefined. OCLC interprets "created" to mean the original entity who made the original catalog record for an item.

Subject to and without waving these objections, OCLC responds as follows: OCLC denies this Request as to any records within the WorldCat system. OCLC admits that when records are exported from WorldCat, the 035 field contains an OCLC identifier that shows that the record was exported from the WorldCat system. OCLC lacks knowledge of information necessary to admit or deny the Request as to records in any other non-OCLC system. On this basis, OCLC denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 4:** Admit that WorldCat's Record database contains Records that have a Baker & Taylor control number in the 040 ǂa and/or 040 ǂc field.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that the Request is ambiguous and vague because "Baker & Taylor control number" is undefined.

Subject to and without waving these objections, OCLC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 5:** Admit that the 040 ǂa field in a Record indicates the original cataloging agency that was responsible for the original Record.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that this Request is ambiguous and vague because "original cataloging agency," "responsible," and "original Record" are undefined.

Subject to and without waving these objections, OCLC responds as follows: OCLC admits that OCLC systems use the 040 ‡a field to identify the institution that submitted the first instance of the record into WorldCat. OCLC further admits that, in place of the institution that submitted the first instance of the record into WorldCat, the OCLC systems may prioritize some national libraries' (e.g., the Library of Congress) or certain other institution's data in field 040 ‡a due to their authoritative status. OCLC denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 6:** Admit that the 040 ‡c field in a Record indicates the transcribing agency that was responsible for the original Record

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects that this Request is ambiguous and vague because "transcribing agency," "responsible," and "original Record" are undefined.

Subject to and without waving these objections, OCLC responds as follows: OCLC admits that in many cases, the 040 ‡c field identifies the institution that inputted the data for the first instance of the record in WorldCat. OCLC further admits that, in place of the institution that inputted the data for the first instance of the record into WorldCat, the OCLC systems may prioritize some national libraries' (e.g., the Library of Congress) or certain other institution's data in field 040 ‡c due to their authoritative status. Neither OCLC nor Baker & Taylor records receive any higher priority over other records. OCLC denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 7:** Admit that you did not provide the Framework Agreement and WorldCat policy to Defendants prior to initiating this action.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein.

Subject to and without waving these objections, OCLC responds as follows: OCLC admits that the February 25, 2025 Cease and Desist Letter from OCLC to Baker & Taylor provided only a link to the WorldCat Policy. OCLC further admits that OCLC did not affirmatively provide the Framework Agreement to Defendants prior to initiating this action, even though the Framework Agreement is publicly available online. OCLC denies the remainder of this Request, including any implication that Defendants were not aware of the contents or existence of the Framework Agreement or WorldCat Policy before the filing of this lawsuit.

**REQUEST FOR ADMISSION NO. 8:** Admit that Baker & Taylor did not "extract more than the permitted number of WorldCat records" than allowed under the WorldCat Data Licensing Agreement.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as premature; discovery is ongoing.

Subject to and without waving these objections, OCLC responds as follows: OCLC lacks knowledge of information necessary to admit or deny, OCLC has made a reasonable inquiry and the information it currently knows or can readily obtain is insufficient to enable it to admit or deny, and the information necessary to admit or deny this Request is the subject of discovery requests that OCLC has propounded on Defendants. OCLC therefore denies this Request.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Request for Admission No. 8, OCLC further responds that because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production and thus cannot supplement its Answer at this time, as OCLC's Answer depends on documents Defendants have produced. Accordingly, OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**REQUEST FOR ADMISSION NO. 9:** Admit that the limit on the number of Records extracted from WorldCat under the WorldCat Data Licensing Agreement, as the term "extracted" is defined in said agreement, does not apply to how many records Baker & Taylor could review on WorldCat.

  **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein.

  Subject to and without waving these objections, OCLC responds as follows: OCLC admits that the WorldCat Data Licensing Agreement defines the term "extracted" as "the permanent export or download of a WorldCat Record or of a field or part of a WorldCat Record via Connexion, or Z39.50." OCLC further admits that the WorldCat Data Licensing Agreement has other restrictions on what Baker & Taylor could do with WorldCat records, including that Baker & Taylor could not "'copy and paste' any field or part of a WorldCat Record that is not being Extracted," and that violations of those other provisions would not count against the number of permitted extracted records, as set forth in Schedule 1 of the WorldCat Data Licensing Agreement, even though these violations would still be violations of underlying agreement. OCLC denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 10:** Admit that OCLC has no evidence of any Ohio-based customer uploading WorldCat records to collectionHQ.

  **ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to this Request as premature; discovery is ongoing.

  Subject to and without waving these objections, OCLC responds as follows: OCLC lacks knowledge of information necessary to admit or deny, OCLC has made a reasonable inquiry and the information it currently knows or can readily obtain is insufficient to enable it to admit or deny, and the information necessary to admit or deny this Request is the subject of discovery requests that OCLC has propounded on Defendants. OCLC therefore denies this Request.

**SUPPLEMENTAL ANSWER:** By way of supplementing its answer to Request for Admission No. 10, OCLC further responds that because Defendants' document production was not substantially completed by the court-ordered July 25, 2025 deadline and Defendants have produced more than 17,000 documents since it missed this deadline, OCLC has not yet completed its review of Defendants' production and thus cannot supplement its Answer at this time, as OCLC's Answer depends on documents Defendants have produced. Accordingly, OCLC reserves the right to further supplement its answer to this Interrogatory following such review.

**REQUEST FOR ADMISSION NO. 11:** Admit that libraries are not required to license their records under the provision referenced in Paragraph 84 of the Complaint.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein.

Subject to and without waving these objections, OCLC responds as follows: OCLC admits that libraries are not required to enter into the contract referenced in Paragraph 84 of the Complaint and that such libraries are not bound by the provision referenced in Paragraph 84 of the Complaint unless they enter into said contract. OCLC denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 12:** Admit that OCLC is not permitted to use any due diligence obtained from negotiations with Baker & Taylor outside of the scope of those negotiations.

**ANSWER:** OCLC incorporates its General and Specific Objections as though fully set forth herein. OCLC objects to the Request as ambiguous and vague because "negotiations with Baker & Taylor" and "due diligence" are undefined. OCLC further objects to this request as irrelevant.

Subject to and without waving these objections, OCLC responds as follows: OCLC admits that the parties entered into two agreements related to negotiations with Baker & Taylor for potential business transactions that impose non-disclosure requirements on OCLC and Baker &

Taylor. OCLC further admits that these provisions govern and limit the parties' use of information exchanged during these negotiations and that the terms of those agreements speak for themselves. The remainder of this Request is denied.

Dated: August 1, 2025

Respectfully submitted,

*/s/ Jeffrey M. Walker*
Jeffrey M. Walker (0096567)
Kathryn M. Brown (0100426)
Traci L. Martinez (0083989)
Brittany Silverman (0102263)
Erin Hassett (0099970)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-2700
Facsimile: (614) 365-2499
jeffrey.walker@squirepb.com
kathryn.brown@squirepb.com
traci.martinez@squirepb.com
brittany.silverman@squirepb.com
erin.hassett@squirepb.com

*Attorneys for Plaintiff OCLC, Inc.*